CHARLES HODGKINS, administrator, *vs.* EASTERN RAILROAD COMPANY.

Essex.  Nov. 4, 1875. — Jan. 28, 1876.  MORTON & LORD, JJ., absent. ENDICOTT, J., did not sit.

A brakeman in the employ of a railroad corporation cannot maintain an action against the corporation for personal injuries, caused by the making up of a train of cars, with platforms of unequal height, by the ordinary servants of the corporation, under the direction of one of its station masters.

TORT to recover for personal injuries sustained by the plaintiff's intestate while employed as a brakeman by the defendant corporation. · At the trial in this court, *Ames,* J., withdrew the case from the jury, and reported it for the consideration of the full court, in substance as follows :

At the opening of the case to the jury, the counsel for the plaintiff stated that on the day of the accident a train of passenger cars, including a smoking and baggage car, was made up at the passenger station of the defendant in Boston, by its ordinary servants, under the general direction of its station agent in Boston, who has charge of the making up of trains, to be run over the railroad to Rockport, and the plaintiff's intestate was placed upon this train to act as brakeman ; that the train was made up of cars having platforms of unequal height ; that a train so made up was unsafe and dangerous, especially for brakemen, and was well known to be so by the officers and managers of the defendant ; that a due regard for the safety of its servants, and especially of brakemen, required of the defendant that it should run no cars in the same train having platforms of unequal height, and that it was negligence on its part to run such trains or allow them to be made up.

It was admitted that the cars composing the train in question were properly made, complete and suitable in themselves both with reference to their platforms and in other respects, and that the plaintiff's intestate was assigned to serve as brakeman upon this train by the station agent in Boston.

The counsel for the plaintiff farther stated, that, upon the arrival of the train at Rockport, it was left in charge of the train men (not including the conductor) for the purpose of making up the train in reverse order of cars, as was necessary preparatory to returning to Boston the next morning. For this purpose two of the passenger cars were set off upon a siding, and the remainder of the train, consisting of baggage and smoking cars, was withdrawn to be sent forward again upon the main track, passing by the cars upon the siding. After the former cars had acquired considerable headway in moving forward upon the main track, it was discovered by the switchman at the siding that the cars first set off had not been pushed sufficiently far upon the siding to clear the main track, and that a corner of one of them projected so far over the main track as to prevent the remainder of the train passing them without collision. The switchman accordingly set the switch in such manner as to direct the remainder of the train back upon the siding, full upon the two cars standing upon it. The course adopted by the switchman was admitted to be the most prudent open to him under the circumstances, after he discovered that the cars could not pass each other upon different tracks.

The plaintiff's counsel farther stated that the said intestate was riding upon the platform of that car which was in front as the cars were moving, and that this came into violent collision with the stationary cars upon the siding. The platforms of the cars thus meeting being of unequal height, the platform of one was forced over that of the other, and the plaintiff's intestate standing at the brake received the injuries for which the action was brought.

The plaintiff contended that the injuries were received by reason of the train having been made up with cars having platforms of unequal height; that if it had been made up with cars having platforms of equal height no damage would have been done to said intestate, and that his injuries did not result from

his want of care or negligence, or that of any person having the care and management of the train.

If upon the evidence above set forth the plaintiff could maintain his action, the case was to stand for trial; otherwise judgment to be entered for the defendant.

*C. G. Saunders,* (*C. Saunders* with him,) for the plaintiff.

*S. B. Ives, Jr. & S. Lincoln, Jr.,* for the defendant, were not called upon.

GRAY, C. J.   The making up of the train of cars with platforms of unequal height was the act of fellow servants of the plaintiff, for which, by the well settled law of this Commonwealth, he can maintain no action against the corporation.   *Farwell* v. *Boston & Worcester Railroad,* 4 Met. 49.   *Hayes* v. *Western Railroad,* 3 Cush. 270.   *Albro* v. *Agawam Canal,* 6 Cush. 75.   *Gillshannon* v. *Stony Brook Railroad,* 10 Cush. 228.   *Seaver* v. *Boston & Maine Railroad,* 14 Gray, 466.   *Gilman* v. *Eastern Railroad,* 10 Allen, 233.   *Johnson* v. *Boston,* 118 Mass. 114.

*Judgment for the defendant.*