DENNIS CLIFFORD vs. OLD COLONY RAILROAD COMPANY.

Suffolk.    March 12. — May 7, 1886.    W. ALLEN & HOLMES, JJ.,
absent.

A section hand in the employ of a railroad corporation cannot maintain an action
against the corporation for personal injuries, caused by a collision between a
hand car on which he was at work and an engine of a train run by servants of
the corporation, if the accident was occasioned by the negligence of the section
boss and of the engineer of the train.

TORT for personal injuries received by the plaintiff while in
the employ of the defendant corporation, as a section hand.
Trial in the Superior Court, without a jury, before *Knowlton*, J.,
who allowed a bill of exceptions, in substance as follows:

The plaintiff was injured on the morning of October 29,
1884, while working on a hand-car belonging to the defend-
ant corporation, by a collision occurring between the hand-
car and an engine operated and managed by the defendant's
servants and agents.

The hand-car, under the direction of a section boss, and con-
taining the section boss, the plaintiff, and two other section
hands, left Weymouth landing at about half-past seven o'clock
in the morning, and was proceeding to East Weymouth, where
repairs were to be made on the track. The plaintiff, with one
other section hand, was engaged in turning the cranks of the
hand-car.

The engine, with a caboose containing laborers, was proceeding
to Marshfield for the purpose of being attached to a gravel train,
constituting what is called a "wild train," being run according
to no schedule time or notice. It was in charge of an engineer
in the service of the defendant, was running at a high rate of
speed, and was coming from the same direction as the hand-car.
No notice of the approach of this engine was given, of any kind.

The hand-car had just passed North Weymouth, and entered
a deep and narrow cut about two hundred feet in length,
through which the road passed at a considerable curve, which
curve extended about fourteen hundred feet, when, without any
warning, the wild train came quickly around the curve, and
struck the hand-car, then on the same track and moving in the

same direction, and threw the plaintiff into a ditch near by, causing the injuries complained of.

It was in evidence that the following were among the rules and regulations of the defendant corporation, that the same were printed on the time tables furnished employees of the company, and were within the knowledge of the section boss, the plaintiff, and the engineer running the wild train:

" Wild extras will keep out of the way of regular trains, and of extras running by notice or flag, and will be run with the utmost care, especially on curves and at obscure places, and keeping a vigilant lookout for the cars and obstruction of track men, and the whistle must be sounded at curves. No notice of an extra train by flag or otherwise is to be expected by road repairers. Section men must expect, and be on the watch for, flagged or wild extra trains and engines at all times."

The plaintiff contended, on these facts, that there was gross negligence on the part of the defendant corporation in sending this wild engine over the road under the circumstances; and asked the judge to rule that the plaintiff was entitled to recover, on the ground that the corporation was grossly negligent. The judge declined so to rule, and found, as matter of fact, that there was no negligence on the part of the corporation in sending out said engine. The judge found further, that the accident was occasioned by the negligence of the section boss and the engineer of the wild train, and that both were fellow servants with the plaintiff; and ruled that the action could not be maintained. The plaintiff alleged exceptions.

*J. W. Pickering & H. Dunham*, for the plaintiff.

*J. H. Benton, Jr.*, for the defendant.

MORTON, C. J. The presiding justice of the Superior Court, who tried this case without a jury, has found, as matter of fact, that there was no negligence on the part of the corporation which caused the injury to the plaintiff. The bill of exceptions does not show any error of law involved in this finding, and we cannot revise it, especially as all the evidence is not reported. He also found that the accident was caused " by the negligence of the section boss and the engineer of the wild train." This was negligence of fellow servants of the plaintiff, and it is the settled law of this Commonwealth, that he can maintain

no action against the corporation for injuries caused by such negligence. *Hodgkins* v. *Eastern Railroad*, 119 Mass. 419, and cases cited.                                        *Exceptions overruled.*