## MICHAEL GAFFNEY *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

The head brakeman of a freight train, after coupling cars, jumped on the rear car to climb a side ladder to the top. The train was moving when he got on the car, and it was daylight. By the side of the track, as he knew, were two piles of lumber, one of which had been there for some time, and the other for two days. The brakeman, while climbing, struck one of these piles, and was injured.

*Held*, that he had no right of action against the railroad company.

One who voluntarily assumes known risks cannot hold another liable for the consequences.

A station agent and a brakeman employed by the same railroad company are fellow-servants.

DEFENDANT'S petition for a new trial.

This action was trespass on the case to recover for injuries alleged to have been caused by the defendant's negligence. After verdict for the plaintiff the defendant filed this petition.

*February* 5, 1887. STINESS, J. The plaintiff was employed as brakeman on a freight train by the defendant in November, 1883. While in that employment, his train stopped at Caryville, on the defendant's road, to take a box car from a side track, near which were a store-house and two piles of lumber. He coupled a box car to the engine, which then took that and two flat cars down the track to the other box car. On the return of the train thus made up, and while it was going, as the plaintiff says, " a pretty good gait," he claims that he jumped upon the last car to climb a side ladder to get to his post, and, in doing so, struck against one of the piles of lumber by which he was knocked off, receiving serious injuries. The plaintiff knew about the lumber piles, for one had been there a long time, and the other two days, according to the plaintiff, or two months according to other witnesses. The plaintiff said he " knew it was there, but did n't know it was so close."

He claims that the negligence of the defendant consisted in allowing the lumber pile to be placed and to remain so near the track that there was not room enough between the car and the pile for him to ascend the car in safety, thus adding a new and extraordinary risk to his employment. The defendant introduced testimony to show that the box car had no side ladder, and that the plaintiff was riding back to the switch on the truck of one of the flat cars, and thus was not in the line of his duty. Upon this petition, however, we must assume that the jury found the facts to be in accordance with the plaintiff's claim, and upon such a state of facts we think a new trial should be granted. The plaintiff had been a brakeman for several years on this and other roads, and was familiar with the premises and surroundings where this accident occurred. Standing near the store-house, when the train came up he jumped upon the car from the side of the track where the lumber was, and in daylight, when it could be plainly seen. He not only knew the lumber was there, but knew about how far it was from the place where he stepped on to the moving train. There was a difference in the testimony about the distance of the pile from the track, the defendant claiming that it was placed at the usual and proper distance, and that the plaintiff was thrown off the car by some part of his clothing catching on the boards, the plaintiff denying this. When a person enters upon a dangerous employment, he not only assumes the risk ordinarily incident thereto, but also the risk he may incur from manifest perils. The former are the risks which enter into his contract of employment; the latter are those which he voluntarily accepts when he knows of their existence. If, therefore, the lumber was at its proper and usual distance from the track, there was no negligence on the part of the defendant. There was room for the plaintiff between the car and the lumber, and his injury must have been an accident liable to happen to those whose business requires them to climb the sides of the cars. But if the lumber was placed improperly near the track, no one could know better than the plaintiff the certainty of injury if he should be on the side of the car when the pile was reached. It had been unloaded from his own train, and the next pile had been hit by cars when he had assisted to hold it down. His remark, " I knew it was there, but did n't

know it was so close," may mean, that he did not know it was so close to the place where he got on to the car, or that he did not know it was so close to the track. But in either case he had seen it with an experienced eye and took his chance. In one case he must have supposed he had time to get to the top of the car, and in the other that he had room to pass on its side. He misjudged. There was no hidden defect, and no sudden call to act in an emergency outside of his ordinary duty. We do not see upon what ground the plaintiff's claim, that the location of the lumber was "misleading and confusing," can be maintained. If it was in dangerous proximity to the track, he could not have supposed it was located "so as not to add to the usual risks of employment," for he knew where it actually was. That a plaintiff cannot recover for the voluntary assumption of known risks is a proposition established as well by principle as by authorities numerous and decisive. See *Kelley* v. *Silver Spring Co.* 12 R. I. 112 ; *McGrath* v. *N. Y. & N. E. R. R.* 14 R. I. 357 ; *ante*, p. 95 ; *Moulton* v. *Gage*, 138 Mass. 390 ; *Williams* v. *Churchill*, 137 Mass. 243 ; *Lovejoy* v. *Boston & Lowell Railroad*, 152 Mass. 79. Indeed, the plaintiff does not controvert this proposition, but claims simply that the piling of the lumber near the track made an unusual risk, which was misleading and confusing, and so presented a complication of circumstances which warranted the verdict of the jury in determining the question of the plaintiff's negligence. We do not see any such complication. The plaintiff, knowing the lumber pile was near the track, jumped upon a moving train, supposing he could escape it, and failed. As much as this could be said in almost in every case of pure accident. We do not see that the company did anything to mislead or confuse him, or that he could have been misled or confused, except possibly that he may have thought the train was not going as fast as it really was going, and that he had time to climb its side before reaching the pile. He was not ordered to get upon the train, and his place as head brakeman was on the car next to the engine, and not on the rear car. His getting upon the car, therefore, under the circumstances, was an act of his own choosing. In this, and in other respects before suggested, the case differs from the recent case of *Ferren* v. *Old Colony R. R. Co.* N. E. Rep. vol. 3, p. 330, issue of February 1, 1887.

Another ground upon which the petition is founded is, that the negligence complained of, in piling the lumber too near the track, was an act of the plaintiff's fellow-servant. The station agent had charge and direction of the premises and the unloading of freight. The lumber was piled beside the track under his direction and authority. But he was not a vice-principal. He had no authority over the plaintiff. He could neither hire nor discharge him, nor was the plaintiff, so far as appears, subject to his orders. Both were engaged in a common employment, serving a common principal, and both were under the same general control. Their duties and authority were different, but they were still fellow-servants. As this very question has been decided upon grounds satisfactory to us, it would be profitless to discuss it further, or to multiply authorities in its support. See *Brown* v. *Minneapolis & St. Louis R. R. Co.* 31 Minn. 553, 15 Amer. & Eng. R. R. Cases, 333 ; and *Hodgkins* v. *Eastern Railroad*, 119 Mass. 419.

We think the verdict should be set aside and a new trial granted.

*Petition granted.*

*Charles E. Gorman & Francis L. O'Reilly*, for plaintiff.
*H. E. Bolles & Frank S. Arnold*, for defendant.