## BRIDGET BOYLE *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Suffolk.   November 18, 1889. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ. ·

*Personal Injuries — Master and Servant — Railroad — Risk of Employment.*

The conductor of a switching crew, in charge of all movements of cars within or about a railroad freight yard, and familiar with his duties and the usages of the yard, while acting as such in the daytime, and attempting to couple two cars loaded and handled in the usual way, was struck on the head by a piece of timber projecting from the end of one of the cars, and was killed. *Held,* that he assumed the risk of what he did, and that an action could not be maintained against the railroad company for causing his death.

HOLMES, J.   This is an action for causing the death of the plaintiff's intestate. The case was tried by the judge below without a jury. He found the facts specially, and ruled that upon them the plaintiff was not entitled to maintain her action. If this ruling was correct, it is unnecessary to consider whether the rulings asked for the plaintiff were correct or not. The facts, briefly stated, were that the plaintiff's intestate was conductor of a switching crew in the defendant's yard; having charge of all movements of cars within or about the yard; and that while he was acting as such on May 18, 1886, between five and six o'clock in the afternoon, and attempting to couple two cars in the usual course of business, his head was struck by a projecting piece of timber upon the moving car, and he was killed. The car was thirty feet long. The piece of timber was thirty-two feet and four inches long, and projected thirteen inches beyond one end, and fifteen inches beyond the other end of the car. The cars were loaded and handled in the usual way. The plaintiff's intestate was experienced in his business, and knew the usages of the yard.

The case is governed by *Lothrop* v. *Fitchburg Railroad,* 150 Mass. 423, decided since this case was argued. That case was like this, except in the particular that there the plaintiff had whatever advantage was to be gained from the St. of 1887, c. 270, so far as it modifies the common law as to the risks

assumed by the servant, and the negligence of fellow servants. *Mellor* v. *Merchants' Manuf. Co.* 150 Mass. 362. This accident happened before the date of this statute, and here there can be no doubt that the risk was assumed by the plaintiff's intestate, so that even if his conduct was not negligent in the sense of culpable, still, as it involved danger manifest to him, he could not complain of the consequences, or argue, as it might be argued, perhaps, in some cases, under the act of 1887, that, if he acted under the fear of losing his place, he did not act at his own peril, unless a jury found him to have been culpably careless. Furthermore, if there was any negligence other than his own, which we are far from intimating, it was that of his fellow servants. See *Hodgkins* v. *Eastern Railroad*, 119 Mass. 419; *Yeaton* v. *Boston & Lowell Railroad*, 135 Mass. 418; *Clifford* v. *Old Colony Railroad*, 141 Mass. 564.

*Exceptions overruled.*

*S. B. Allen & C. F. Donnelly*, (*C. F. Paige* with them,) for the plaintiff.

*H. E. Bolles & R. M. Saltonstall*, for the defendant.