ANDREWS HASTY *vs.* FREDERICK R. SEARS.

Suffolk.    May 27, 1892. — September 8, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence of Fellow Servant.*

When one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as a servant of the man to whom he is lent, although he remains the general servant of the person who lent him; and if the servant receives injuries in such employment from the negligence of a servant of the person to whom he is lent, he cannot recover therefor.

TORT for personal injuries occasioned to the plaintiff by being struck by an elevator in the defendant's building.

Trial in the Superior Court, before *Blodgett*, J., who directed a verdict for the defendant, and reported the case for the determination of this court. The facts appear in the opinion.

*H. H. Smith*, for the plaintiff.

*J. Lowell, Jr.*, (*S. H. Smith* with him,) for the defendant.

BARKER, J. The plaintiff cannot recover if he was a fellow servant with the boy who negligently lowered the elevator car upon him while he was at work in the elevator well upon a step-ladder standing on the bottom of the well. The plaintiff was a

carpenter, employed by the hour by the firm of C. A. Noyes and Company. They told him that there was some work to be done at the defendant's building, and that the superintendent of the building would tell him what was to be done. He went to the building, and the superintendent instructed him what work was to be done, namely, that the framework of the elevator door wanted fixing, and that the door needed loosening at the top. To do this work it was necessary to stand on a ladder or steps in the elevator well, and to take the door off. The elevator was in operation, and the superintendent, in the presence and hearing of the plaintiff, gave orders to the elevator boy not to run the car below the second story until he was notified that the plaintff had finished his work and had left the well. The boy, when the orders were given, said that he understood them, and that he would not run the car below the second story. The plaintiff then began his work, standing on the step-ladder, and while he was ascending it in order to take out the door which needed repairs, the boy ran the car down below the second story so that it struck and injured the plaintiff.

It is obvious that C. A. Noyes and Company were not contractors. The transaction between them and the defendant was the loan by them to the defendant of their servant, the plaintiff, who was to be under the control of the defendant by his superintendent while engaged in the work. This made the plaintiff *pro hac vice* a servant of the defendant. The principle is thus stated by Cockburn, C. J., in *Rourke* v. *White Moss Colliery Co.* 2 C. P. D. 205, 209: " But when one person lends his servant to another for a particular employment, the servant for anything done in that particular employment must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him." The plaintiff was not acting under the immediate orders of his general masters, C. A. Noyes and Company, but was acting under the orders of the defendant's superintendent, and thus became the defendant's servant, notwithstanding that he remained the general servant of Noyes and Company, and was paid by them. *Purnell* v. *Great Western Railway*, 1 Q. B. D. 636, as stated by Mellish, L. J., in *Rourke* v. *White Moss Colliery Co.* 2 C. P. D. 205, 210.

The same doctrine has been laid down by this court in cases in which one has been held liable for injuries caused by the negligence of a person in the general employment of a third person, but at the time engaged in the defendant's business; *Forsyth* v. *Hooper*, 11 Allen, 419 ; *Kimball* v. *Cushman*, 103 Mass. 194, 198 ; *Clapp* v. *Kemp*, 122 Mass. 481; *Linnehan* v. *Rollins*, 137 Mass. 123 ; and also in cases in which, as in the present, the question is whether the person injured and the person whose negligence caused the injury were fellow servants. *Johnson* v. *Boston*, 118 Mass. 114, 117. *Killea* v. *Faxon*, 125 Mass. 485. *Ward* v. *New England Fibre Co.* 154 Mass. 419, and cases cited.

The plaintiff and the elevator boy were both servants of the defendant at the time of the plaintiff's injury, and as their employment was a common employment, the negligence of the boy in running the car down upon the plaintiff was an obvious risk, which the plaintiff assumed, and for which the defendant is not answerable to him. The plaintiff and the boy were both working to secure the successful operation of the elevator, the plaintiff in repairing it and the boy in operating the car, and they were forwarding a common enterprise for the benefit of the defendant, and were in a common employment. *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209. *McGee* v. *Boston Cordage Co.* 139 Mass. 445, 448. *Clifford* v. *Old Colony Railroad*, 141 Mass. 564.

The case thus comes clearly within the principle, that, when a man enters into an employment in the carrying on of which others are engaged with him, he tacitly agrees to accept all the ordinary risks attending it. The plaintiff must have known that there was a risk that the elevator boy would be careless and forget his orders not to lower the car below the second story, and that, while he was himself at work in the well below, he would be liable to injury from such negligence. *Rourke* v. *White Moss Colliery Co.* 1 C. P. D. 556, 559.

*Judgment on the verdict.*