[No. 15180.   Department Two.—June 26, 1894.]

## ROBERT F. LIVINGSTON, RESPONDENT, v. KODIAK PACKING COMPANY, APPELLANT.

NEGLIGENCE—CONFLICTING EVIDENCE—REVIEW UPON APPEAL.—Although the evidence appearing in a transcript upon appeal may seem to preponderate in favor of the appellant upon the issues as to negligence, yet if there is enough evidence in favor of the respondent to create a substantial conflict the finding cannot be disturbed.

ID.—NEGLIGENCE OF FELLOW-SERVANT—INJURY TO SERVANT FROM OPEN HATCHWAY—NEGLECT OF DUTY BY MATE OF VESSEL.—The mate of a vessel engaged in carrying passengers and freight between San Francisco and Northern Pacific ports, and a servant employed in the steward's department of the vessel are fellow-servants employed by the same employer in the same general business, and the owner of the vessel is not responsible for any injury caused to such servant by falling down an open hatchway which the mate had neglected to guard while taking in cargo.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Daniel Titus*, and *I. B. L. Brandt*, for Appellant.

The plaintiff and the mate of the vessel were both employed in the same general business, and were therefore fellow-servants, and the defendant is not liable for the injuries caused the plaintiff through the negligence of the mate. (Civ. Code, sec. 1970; *Murray* v. *South Carolina R. R. Co.*, 1 McMull. 385; 36 Am. Dec. 268; *Hogan* v. *Central Pac. R. R. Co.*, 49 Cal. 128; *Collier* v. *Steinhart*, 51 Cal. 116; *McLean* v. *Blue Point G. M. Co.*, 51 Cal. 255; *McDonald* v. *Hazletine*, 53 Cal. 35; *Brown* v. *Sennett*, 68 Cal. 229; 58 Am. Rep. 8; *Fagundes* v. *Central Pac. R. R. Co.*, 79 Cal. 97; *Congrave* v. *Southern Pac. R. R. Co.*, 88 Cal. 360; *Stephens* v. *Doe*, 73 Cal. 28.) The rule as to fellow-servants is not changed by the fact that there are different grades of employment, and that the injured employee was of an inferior grade, and that the servant through whose negligence the injury happened was his immediate superior. (*McLean* v. *Blue Point G. M. Co.*, 51 Cal. 255; *Congrave* v. *Southern Pac. R. R. Co.*, 88 Cal. 360; *Wright* v. *New York C. R. R. Co.*, 25 N. Y. 565.) Nor is the rule changed because the servants are engaged in separate and distinct departments of the service, if they are subject to the same general control, and the employment is a common one. (*Columbus etc. R. R. Co.* v. *Arnold*, 31 Ind. 174; 99 Am. Dec. 615; *Foster* v. *Minnesota etc. R. R. Co.*, 14 Minn. 360; *Pittsburgh etc. Ry. Co.* v. *Lewis*, 33 Ohio St. 196; *Kielley* v. *Belcher S. M. Co.*, 3 Saw. 500; *St. Louis etc. Ry. Co.* v. *Britz*, 72 Ill. 256; *Chicago etc. R. R. Co.* v. *Murphy*, 53 Ill. 336; 5 Am. Rep. 48; *Cooper* v. *Milwaukee etc. Ry. Co.*, 23 Wis. 668; *Slattery* v. *Toledo etc. Ry. Co.*, 23 Ind. 81; *Baulec* v. *New York etc. R. R. Co.*, 59 N. Y. 356; 17 Am. Rep. 325; *Sammon* v. *New York etc. R. R. Co.*, 62 N. Y. 251;

*Hodgkins* v. *Eastern R. R. Co.*, 119 Mass. 419; *Whaalan* v. *Mad River etc. R. R. Co.*, 8 Ohio St. 249; *Ohio etc. R. R. Co.* v. *Hammersley*, 28 Ind. 371; *Murray* v. *South Carolina R. R. Co.*, 1 McMull. 385; 36 Am. Dec. 269, and note.)

*Pierson & Mitchell*, for Respondent.

The plaintiff and the mate were not fellow-servants, as they were employed in different departments of the business, but even if they are held to be such the plaintiff is still entitled to recover, because the act of properly guarding the open hatchway was the duty of the employer towards all its servants, and the failure of the mate to perform that duty as the agent of his employer made the employer responsible. (*Daves* v. *Southern Pac. R. R. Co.*, 98 Cal. 19; 35 Am. St. Rep. 133; *Elledge* v. *National City etc. Ry. Co.*, 100 Cal. 282; 38 Am. St. Rep. 290; *Smith* v. *Occidental S. S. Co.*, 99 Cal. 462; *Gisson* v. *Schwabacher*, 99 Cal. 419.)

The COURT.—Action to recover damages for a personal injury alleged to have been suffered by plaintiff in consequence of negligence of defendant. Trial by jury. Verdict in favor of plaintiff, assessing damages at twelve thousand five hundred dollars, on which judgment was rendered. Appeal by defendant from the judgment, and from an order denying a new trial.

In October, 1891, the defendant was owner of the steamship *Haytien Republic*, then engaged in carrying passengers and freight from San Francisco to various northern Pacific ports in British Columbia, Oregon, and Washington, and thence back to San Francisco; and for that purpose was supplied by defendant with the ordinary complement of officers, sailors, and servants. G. W. Brown was captain, George W. David, mate, and the plaintiff a servant in the steward's department, whose principal duty it was to serve as waiter at the officers' table, but also to perform such other services as ordered by the steward.

At the time of the accident in which plaintiff was injured, October 22, 1891, the ship was moored at the wharf in Departure bay, where it was taking in a cargo, or partial cargo, of coal.   The shippers of the coal were moving it to the ship, and dumping it into a hatchway, by means and appliances of their own, which consisted of a tramway, or bridge, extending from the coal-bunkers on the wharf to the hatchway on the ship.   Upon this bridge was laid a railroad track for small coal-cars. No part of the bridge rested upon the ship.   That end of it from which the coal was dumped into the hatchway was suspended by chains attached to trestlework and machinery on the wharf, by which it could be raised or lowered so as to adapt it to the varying height of the ship's deck, the part thus raised and lowered being attached to the main part on the wharf by hinges.   The hatchway being used at the time of the accident is about four and a half feet square, and the end of the bridge extended nearly to the middle of it.   The width of the bridge being about five and a half feet, the sides of it projected about six inches beyond the sides of the hatchway.   Mr. David, the mate, was superintending the receiving of the coal and the "trimming" of it in the hold of the ship, but had nothing to do with it until it was dumped from the cars into the hatchway.   About 5:30 o'clock, P. M., the steward ordered plaintiff to call the officers to dinner, and he went upon deck and to the captain's room for that purpose, but not finding the captain on the ship, he was ordered to go and look for him upon the wharf.   Going from the ship to the wharf he passed over the railroad bridge then being used by the coal shippers, and returned to the ship the same way. In returning he stepped down from the side of the bridge to the deck, at a point about five feet from the end of the bridge; then moved two steps in a direction parallel with the side of the bridge and towards the end of it, which projected over the hatchway, and in attempting to make another step "twisted" his ankle, and fell head foremost into the hatchway, from which he was

taken in an unconscious condition. As to this plaintiff testified: "I stepped down off the bridge on to the deck, and made one or two steps. My right ankle twisted, and I fell. I do n't remember any thing after that." On cross-examination, being asked where he got off the tramway down on the deck, he answered: "Well, it was about half-way between the hatchway and the side of the ship before I touched the deck. There was coal on the deck. Q. How many feet would that be from the hatchway? A. Well, I could n't say, for I would not be sure of it. Where I got off was about half-way between the hatchway and the bulwarks—perhaps three feet from the bulwarks. It was about three feet from the point where I reached the deck to the port side of the hatchway. Q. What did you do with yourself after you got off? A. Well, to my recollection I had about two steps, and after that I don't recollect any thing." The port side of the ship was to the wharf, and only about two feet from it, and the upper deck was about on a level with the wharf. Plaintiff further testified that in stepping from the bridge to the deck he landed safely on his feet without hurting himself.

It appears that it was the duty of the mate, Mr. David, to place gangplanks from the ship to the wharf, and to guard the open hatchways while taking in cargo, so far as it was practicable to do so; and the only negligence charged by respondent is that the mate failed to perform those duties, it being claimed that the plaintiff was compelled to pass over the bridge, because no gangplank was in place; and also that he would not have fallen into the hatchway if it had been guarded in the usual way, by chains or ropes supported by stanchions.

The appellant answers: 1. That a gangplank was in place at the times plaintiff passed to the wharf and returned to the ship; 2. That he might have safely stepped from the ship to wharf and back without a plank, as the distance was only about two feet; 3. That it was impracticable to guard the small hatchway in use at the time, as the necessary stanchions for that pur-

pose could not have been put in place, for the reason that one side and two corners of the hatchway were covered by the bridge; and 4. That the defendant was guilty of contributory negligence.

Although the evidence, as read from the transcript, seems to preponderate in favor of defendant upon nearly all these issues, yet we think there is enough in favor of plaintiff to create a substantial conflict, and therefore pass to a consideration of the only other point made by appellant, which is that the mate, David, and the plaintiff were fellow-servants, " employed by the same employer in the same general business." We think this point is well taken, and should be sustained. There is no question that the only negligence complained of was that of the mate, David, nor that plaintiff and the mate were employed by the same employer. Nor is it claimed that there was any negligence on the part of defendant in selecting or employing David as such mate. Nor is it now questionable in this state that a difference in the grades of service does not destroy nor affect the relation of fellow-servants of the same employer, provided only that they are employed " in the same general business." In this case the respondent denies that plaintiff, the waiter, and David, the mate, were employed in the same general business; and whether or not they were so is the only question debated under this head.

It is agreed that the general business in which the defendant was engaged was that of carrying passengers and freight by a steamship from port to port so distant from each other as to require several days to make a passage either way, and also requiring probably twenty employees for different grades of necessary service, including captain's mates, engineers, pilots, sailors, stewards, cooks, waiters, and firemen. In view of the necessity of furnishing meals to passengers, as well as to employees, are not the services of stewards, cooks, and dining-room waiters an essential part of the general business of carrying passengers and freight from San

Francisco to ports in British Columbia and the states of Washington and Oregon, by steamship? We think it clear that they are, and that it follows from section 1970 of the Civil Code, as construed in numerous cases, that the defendant is not bound to indemnify the plaintiff for injuries suffered in consequence of the negligence of the mate, David. (*McLean* v. *Blue Point Gravel M. Co.*, 51 Cal. 255; *Fagundes* v. *Central Pac. R. R. Co.*, 79 Cal. 97; *Congrave* v. *Southern Pac. R. R. Co.*, 88 Cal. 360; *Daves* v. *Southern Pac. R. R. Co.*, 98 Cal. 19; 35 Am. St. Rep. 133.)

The judgment and order are reversed and the cause remanded for a new trial.

Hearing in Bank denied.