[S. F. No. 751.  In Bank.—September 13, 1899.]

JOHN MANN, Appellant, v. MARY ANN O'SULLIVAN, Respondent.

126  61
138 118

NEGLIGENCE—FELLOW-SERVANTS—REPAIRER AND OPERATOR OF ELEVATOR.—A carpenter who is injured while repairing an elevator shaft and the operator of the elevator, both of whom were employed by the owner of the building, are fellow-servants, employed in the same general business; and the master is not responsible for an injury resulting to the carpenter from the negligence of the operator of the elevator.

ID.—TEST OF COMMON EMPLOYMENT—ASSUMPTION OF RISK.—Fellow-servants are engaged in a common employment when each of them is occupied in service of such a kind that the others, in the exercise of ordinary sagacity, ought to foresee when accepting their employment that his negligence would probably expose them to injury; and, danger from the negligence of another employee being fairly apparent, all other employees assume the risk incident to that danger.

ID.—PLEADING—DEMURRER TO COMPLAINT.—Where the complaint, by a proper construction thereof, shows upon its face that the injury complained of resulted from the negligence of a fellow-servant of the plaintiff, it is not necessary that such fact should be pleaded in the answer, but the objection may be taken advantage of by demurrer to the complaint.

ID.—LIABILITY OF EMPLOYER—NEGLECT TO WARN OF DANGER—ABSENCE OF CONTRACT—REQUEST TO FELLOW-SERVANT.—Where it was no part of the terms of employment of the carpenter to repair the elevator shaft that the employer should warn him of danger, and he acted upon the confidence that the operator of the elevator would comply with his request to give him notice of the starting of the elevator, he cannot hold the employer responsible for failure of the operator of the elevator to give the warning.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

Gunnison, Booth & Bartnett, for Appellant.

The complaint alleges the negligence of the defendant, through Carney as her servant, agent and employee, in producing the injury without warning or notice. It was the duty of the master to give warning, and his negligence, through his agent, would make him responsible, notwithstanding any concurring negligence on the part of the coemployee. (*Bradley v. New York Cent. R. R. Co.*, 62 N. Y. 99; *Fisk v. Central Pac. R. R. Co.*, 72 Cal. 38, 42; 1 Am. St. Rep. 22; *Long v. Coronado R. R. Co.*, 96 Cal. 269; *Brown v. Central Pac. R. R. Co.*, 68 Cal. 171; *Kielley v. Belcher Silver Min. Co.*, 3 Saw. 437; *Beeson v. Green Mountain etc. Min. Co.*, 57 Cal. 20, 31; *McKune v. California etc. R. R. Co.*, 66 Cal. 302; *Elledge v. National etc. Ry. Co.*, 100 Cal. 282; 38 Am. St. Rep. 290; *Daves v. Southern Pac. R. R. Co.*, 98 Cal. 19; 35 Am. St. Rep. 133; *McNamara, v. Macdonough*, 102 Cal. 575; *Chicago etc. Ry. Co. v. Ross*, 112 U. S. 377.) The complaint does not allege that plaintiff and Carney were coemployees "in the same general business." The mere allegation of a common employment is not sufficient to raise a presumption that it was an employment in the same general business. (Civ. Code, sec. 1970; *Kielley v. Belcher Silver Min. Co.*, supra; *Baltimore etc. R. R. Co. v. Baugh*, 149 U. S. 383; *Magee*

*v. North Pac. Coast R. R. Co.*, 78 Cal. 430; 12 Am. St. Rep. 69; *Davies v. Oceanic S. S. Co.*, 89 Cal. 280.) The question whether these employees were coemployees, engaged in the same general business, is a question of fact not raised by the complaint, and such fact should be pleaded in the answer. It must appear affirmatively that they were fellow-servants. (*Hexamer v. Webb*, 101 N. Y. 377; 54 Am. Rep. 703; *King v. New York Cent. etc. R. R. Co.*, 66 N. Y. 183, 184; 23 Am. Rep. 37; *Colgrove v. Smith*, 102 Cal. 220.)

Henry E. Monroe, Ira D. Orton, C. Porter Johnson, and Reddy, Campbell & Metson, for Respondent.

The complaint shows on its face that the plaintiff and Carney were coemployees, and that they were engaged in the same general business appears from the facts alleged. This brings the case alleged within section 1970 of the Civil Code. (*Fagundes v. Central Pac. R. R. Co.*, 79 Cal. 97; *Livingston v. Kodiak Co.*, 103 Cal. 258; *Daves v. Southern Pac. R. R. Co.*, 98 Cal. 19; 35 Am. St. Rep. 133; *Hasty v. Sears*, 157 Mass. 123; 34 Am. St. Rep. 267.) The failure of Carney to give warning was the negligence of a fellow-servant. (*Hasty v. Sears, supra; McLean v. Blue Point Gravel Mine*, 51 Cal. 255.)

GAROUTTE, J.—This is an action to recover damages for personal injuries. The single question involved is, Does the complaint state a cause of action?

Defendant was the owner of a certain building in which she operated and maintained an elevator. As appears by the complaint "plaintiff was employed by said defendant to work for her in the capacity of a carpenter and to perform the work of inclosing the elevator shaft in said premises within a glass frame." While working at this employment "said defendant, through her servant, agent, and employee, one Emmet Carney, carelessly and negligently, and without any warning or notice . . . . to plaintiff, and against his positive instructions not to operate the elevator herein mentioned at any time without notice to him, suddenly operated . . . . said elevator . . . . from the ground floor, where said elevator was standing, so that said elevator suddenly struck with great force the screening on which plaintiff was working as aforesaid; . . . .

and that, by reason of the gross negligence and carelessness of said defendant in operating said elevator as aforesaid, said plaintiff sustained the injuries . . . . above mentioned."

The important matter presented by this appeal arises upon the solution of the question as to whether or not the plaintiff and Carney, the man operating the elevator, were fellow-servants. In other words, these two men being employed by defendant, were they employed "in the same general business"? (Civ. Code, sec. 1970.) It is impossible to declare a rule of law by which all cases presenting this interesting question may be weighed and tested. In that excellent work, the American and English Encyclopedia of Law, volume 7, page 864, it is said: "In the note will be found every authority, it is believed, determining who are and who are not fellow-servants, alphabetically arranged according to the various occupations or employments." Yet, after a careful perusal of that note, we still find the same mist surrounding the question, and the legal atmosphere in nô great degree clarified. The authorities are widely divergent, and the text-writers appear to be unable to agree upon a satisfactory rule by which it may be determined who are fellow-servants, or what servants are engaged in a common employment, or, as the statute of this state has it, what servants are employed "in the same general business." Shearman and Redfield, in their work upon Negligence, declare the rule as favorably to the servant as it can be found in any standard work, and that rule is declared in section 236: "Under the generally prevailing rule, fellow-servants are engaged in a common employment when each of them is occupied in service of such a kind that all the others in the exercise of ordinary sagacity ought to be able to foresee, when accepting their employment, that his negligence would probably expose them to injury." Testing this case by the foregoing rule, the conclusion is irresistible that plaintiff, who was employed to repair the elevator shaft, and Carney, the man who was employed to operate the elevator, were servants of defendant, engaged in a common employment, or, as our statute has it, engaged "in the same general business." It was plain to the plaintiff when he began work in repairing the elevator shaft that the negligence of Carney would expose him to great dan-

ger. He recognized the fact that danger was present with him, for he instructed Carney not to raise the elevator without a notification to him, in order that he might first remove to a place of safety. The conclusion arrived at in many cases rests upon the principle that the danger from the negligence of another employee being fairly apparent, it should be held that all other employees assume the risk incident to that danger; and this principle forms the foundation of the rule which we have quoted from Shearman and Redfield.

We will notice a few cases where the facts and principle invoked appear to be similar to those here presented. In *Besel v. New York Cent. R. R. Co.*, 70 N. Y. 177, it is held that a car repairer working upon a car was in common employment with the men in charge of a train not connected with the car upon which the repairer was doing the work. To the same effect is *Corcoran v. Delaware etc. R. R. Co.*, 126 N. Y. 673, and *Campbell v. Pennsylvania R. R. Co.* (Penn., Jan. 4, 1886), 24 Am. & Eng. R. R. Cas. 427. In *Hasty v. Sears*, 157 Mass. 123, 34 Am. St. Rep. 267, a case identical in its facts with the one before us, the court said: "The plaintiff and the elevator boy were both servants of the defendant at the time of the plaintiff's injury, and, as their employment was a common employment, the negligence of the boy in running the car down upon the plaintiff was an obvious risk which the plaintiff assumed, and for which the defendant is not answerable to him. The plaintiff and the boy were both working to secure the successful operation of the elevator, the plaintiff in repairing it and the boy in operating the car, and they were forwarding a common enterprise for the benefit of the defendant, and were in a common employment." In *Fagundes v. Central Pac. R. R. Co.*, 79 Cal. 97, it is held that a laborer working upon the railroad track is a fellow-servant with a conductor and a track-walker. In *Livingstone v. Kodiak Packing Co.*, 103 Cal. 263, it is held that the mate of a vessel and a waiter at the table are engaged "in the same general business," in the sense of those words as used in section 1970 of the Civil Code. The court declared that the general business of the defendant was the carrying of freight and passengers upon its steamer; that in the conduct of that business a waiter was as necessary an employee as a mate, and both were essentially

necessary for the proper conduct of the business. In the case at bar, it may be said that the business of defendant was operating and maintaining an elevator. A boy or man to manipulate it was a necessity, and likewise an engineer to handle the engine and furnish the power, and likewise a man to repair the machine itself when out of order. These men in their respective lines of vocation were necessary to the operation of the machine, and were assisting in the same general business of operating and maintaining the machine. The man to repair the elevator when it was out of order was as necessary as the waiter to the ship, or the repairer to the car, or the laborer to the railroad track. The allegation of the plaintiff that he was employed by the defendant in the capacity of a carpenter to do certain work for her, and that at the time he received the injury complained of he was doing the work for which he was employed "under the direction of the defendant," shows that he was not an independent contractor, and precludes him from invoking the principles declared in *Bennett v. Trubody*, 66 Cal. 510, 56 Am. Rep. 117. The defendant would have been liable to a stranger for any injury sustained by reason of his negligence upon the ground that he was the servant of the defendant.

It is also claimed that from the face of the complaint it appears that the accident occurred from the negligence of the defendant herself. The pleading does not bear this construction. After stating that the accident occurred by reason of Carney operating the elevator, the pleading then declares that "defendant did thereby negligently and carelessly precipitate with great force," et cetera. The complaint further declares that "by reason of the gross negligence and carelessness of said defendant in operating said elevator as aforesaid said plaintiff sustained the injuries," et cetera. It is entirely plain from these allegations that the elevator was being operated by Carney, and that by reason of his negligence in so operating it the accident occurred. By any reasonable construction of the pleading it contains nothing indicating negligence upon the part of any one except Carney.

It is next insisted that if plaintiff and Carney were fellow-servants and engaged in the same general business, then that fact should be pleaded in the answer. It is sufficient to say that

if the facts alleged in the complaint show that the servants are fellow-servants and engaged in the same general business, then that fact may be taken advantage of by demurrer.

It is also declared that it was the duty of the master to warn plaintiff when the elevator was about to start. If there had been an express agreement to that effect made by the master and the servant, the plaintiff, when he was hired to do the work, there might be some force in this contention. (*Bradley v. New York Cent. R. R. Co.*, 62 N. Y. 99.) But plaintiff went to work without any such agreement, and acted alone upon the confidence he had in a compliance with the request he made to the elevator man, Carney, to give him notice of the starting of the cage.

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., Harrison, J., McFarland, J., and Henshaw, J., concurred.