[Civ. No. 976.   Second Appellate District.—May 11, 1911.]

GUS KORANDER, Appellant, v. PENN BRIDGE COM-
PANY, a Foreign Corporation, Respondent.

NEGLIGENCE—INJURY TO "LOFTMAN" ON PILE-DRIVER—WANT OF CARE
OF ENGINEER IMPUTABLE TO EMPLOYER.—The want of care on the
part of an engineer in operating a steam hoisting engine, which
supplies motive power for raising a hammer, by the fall of which
a pile-driver was operated, on which plaintiff was seriously injured
while in the performance of his duty to keep the pile in position
and "ring" it to keep it from splitting, by the premature fall of
the hammer without signal from the loftman, in violation of the
engineer's duty, is imputable to the employer, as his negligence,
under section 1970 of the Civil Code, making the employer respon-
sible for "injuries resulting from the wrongful act, neglect or de-
fault of a coemployee employed upon a machine . . . or other ap-
pliance than that upon which the employee injured is employed."

ID.—ERROR IN GRANTING NONSUIT—FELLOW-SERVANTS UPON SAME MA-
CHINE OR APPLIANCE.—In such case, it is held that the court erred
in granting a nonsuit on the ground that the engineer and the plain-
tiff were fellow-servants employed upon the same machine or appli-
ance, and that plaintiff, for that reason, was not entitled to recover
from the employer.

ID.—DEFINITION OF MACHINE.—A machine is an instrument composed
of one or more mechanical powers, and capable, when set in motion,
of producing by its operations certain predetermined physical ef-
fects whose rule of action resides within itself.

ID.—STEAM ENGINE A COMPLETE MACHINE, DISTINCT FROM PILE-DRIVER
—STEAM POWER FROM ENGINE—OPERATION OF PILE-DRIVER BY
GRAVITY.—The steam engine was a complete machine, whose only
function was to develop power under the charge of the engineer,
so as to raise the hammer above the position of the pile-driver,
and whose duty was, when signaled, to withdraw the power and
let the hammer drop by gravity to operate the pile-driver.   The
engine was no part of the pile-driver, and the loftman in charge
of the latter had no control over the operations of the engine
other than to signal for the withdrawal of its power, so as to per-
mit the hammer to fall and operate the distinct pile-driver.

ID.—ATTACHMENT OF ROPE FROM ENGINE TO HAMMER—MACHINES NOT
LESS DISTINCT.—The fact that the power of the engine in raising
the hammer was applied by means of a rope connecting the engine
with the hammer did not constitute the pile-driver and engine one
machine.   They were none the less in their nature distinct and

separate machines or appliances, neither one dependent upon the other, or performing the work for which each was intended.

ID.—FORMER RULE OF FELLOW-SERVANTS CHANGED BY CODE AMENDMENT. The fact that both the engineer and loftman were fellow-servants under the same general employment, under the former rule, is immaterial, under the amendment of section 1970 of the Civil Code, as applied to the facts of this case.

ID.—JUDGMENT OF NONSUIT REVERSED.—Where the evidence for the plaintiff tended to prove that the injury to the plaintiff was due to the negligence of the engineer, who was employed upon a machine, other than the appliance or machine upon which the plaintiff was employed when he was injured, it shows negligence imputable to the employer under the amended code, and the judgment of nonsuit must be reversed.

APPEAL from a judgment of the Superior Court of San Diego County. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

J. E. O'Keefe, E. L. Thomas, and C. N. Andrews, for Appellant.

Eugene Daney, for Respondent.

SHAW, J.—Action to recover damages for personal injuries alleged to have been sustained as a result of defendant's negligence.

At the close of plaintiff's evidence, defendant moved for a nonsuit, which motion the court granted. Judgment went accordingly, from which plaintiff prosecutes this appeal.

The complaint contains two counts, the cause of action in one of which (and the only one necessary to here consider) is based upon the alleged negligence of an engineer engaged in operating a steam hoisting engine supplying motive power in operating a pile-driver upon which plaintiff was employed. The evidence disclosed by the record clearly tends to show negligence on the part of the engineer; indeed, such fact is not controverted by respondent. The question, then, presented is whether or not this negligence of the engineer can be imputed to the defendant, his employer. By section 1970, Civil Code, it is provided that an employer shall be required to indemnify his employee for losses suffered by the latter

through injuries resulting "from the wrongful act, neglect or default of a coemployee . . . employed upon a machine, . . . or other appliance than that upon which the employee is injured is employed." In granting defendant's motion for nonsuit the learned trial judge held that both plaintiff and the engineer whose negligence caused the injury to plaintiff were fellow-servants employed upon the same machine or appliance, and hence, under said provision of the statute, plaintiff was not entitled to recover. In thus ruling we think the court erred.

Briefly stated, the facts are as follows: Plaintiff was an employee of defendant, who was engaged in operating a pile-driver mounted upon the end of a lighter, anchored or moored in the bay of San Diego next to and adjoining a wharf where the piles were being driven. This pile-driver consisted of a mass of iron, termed a hammer, weighing upward of a ton, and was drawn upward between two timbers, termed guides, the purpose of which, in addition to supporting the hammer, was to control or guide it in its downward course when permitted to fall upon the pile as it was driven into the ground underneath the surface of the water. For the purpose of raising this hammer, a rope was fastened thereto, and, passing over a pulley at the top of the guides or scaffold, was attached to a drum connected with a portable steam engine, placed upon the lighter some thirty feet distant from the pile-driver, and which by causing the drum to revolve raised the hammer to the desired distance above the pile, when, by the action of the engineer in removing the friction, the hammer was permitted to drop upon the timber constituting the pile. Plaintiff was employed as a loftman, his duty, among other things, requiring him to occupy a position on the scaffold near the top of the pile, see that it was kept in position while being driven, and at the proper time "ring" it, that is, place an iron ring somewhat smaller in circumference than the head of the pile, which upon being driven down by a drop of the hammer, encircled the head and prevented the force and weight of the hammer in falling from splitting and otherwise injuring the timber. While thus employed in "ringing" a pile, and using his left hand in holding the ring on top of the pile, he stooped down to get a board used as a lever with which to force the leaning pile into a perpen-

dicular position, and while so engaged the engineer dropped the hammer, causing the injuries for which he asks damages. It was the duty of the engineer to release the hammer only when signalled so to do by the foreman in charge of the work, and this signal the foreman gave when plaintiff indicated to him his readiness to have the hammer drop. The accident was due to the fact that, in the absence of any signal from the foreman or plaintiff and without warning, the engineer released the hammer. "A machine is an instrument composed of one or more of the mechanical powers, and capable, when set in motion, of producing, by its own operation, certain predetermined physical effects. It differs from all other mechanical instruments in that its rule of action resides within itself." (*Stearns & Co.* v. *Russell,* 85 Fed. 225, [29 C. C. A. 121].) The steam engine constituted a complete machine whose only function was to develop power. It was in charge and under the control of the engineer, whose duty it was, by means of operating the engine, to develop and apply the power as needed in raising the hammer, and upon signal only to withdraw the power so applied, thus permitting the hammer to drop. While for the time being it was used in developing the required power, the engine was no part of the pile-driver upon which plaintiff was employed, and plaintiff had no control over its operations. This necessary power might be supplied in many ways other than by a steam engine; such, for instance, as electricity, horse power, the explosion of gunpowder or gasoline. The fact that the power was transmitted by means of a rope connecting the engine and hammer did not constitute the pile-driver and engine one machine any more than would an electric plant and sawmill (distant miles apart) constitute one machine because the two were connected by a wire over which the current was transmitted from the one to operate the other. They were distinct and separate machines or appliances, neither one dependent upon the other for performing the work for which each was intended. The cases of *Livingston* v. *Kodiak Packing Co.,* 103 Cal. 258, [37 Pac. 149], *Mann* v. *O'Sullivan,* 126 Cal. 61, [77 Am. St. Rep. 149, 58 Pac. 375], and *Bridges* v. *Los Angeles Pac. Ry.,* 156 Cal. 492, [105 Pac. 586, 25 L. R. A., N. S., 914], were all decisions rendered prior to the amendment of section 1970, and no doubt the legislature by

said amendment intended to change the rule declared in those cases. It may be, as contended by respondent, that, notwithstanding the amendment, plaintiff and the engineer must, under the law, still be deemed fellow-servants. However this may be, we are of the opinion that the evidence tends to prove that the injury to plaintiff was due to the negligence of the engineer, who was employed upon a machine other than the appliance or machine upon which plaintiff was employed when injured, and hence, under the provisions of section 1970, Civil Code, as amended, such negligence is imputable to the employer.

The judgment is reversed.

Allen, P. J., and James, J., concurred.