[Civ. No. 984.   Second Appellate District.—June 26, 1911.]

## HARRY C. STEPHENS, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY, a Corporation, Appellant.

NEGLIGENCE—INJURY TO WORKMEN ON ELECTRIC GRINDER—FLASH FROM TROLLEY WIRE—UNSAFE APPLIANCE—ABSENCE OF FUSE.—An electric company is liable for injury to a workman employed on an electric grinder, who was burned by a flash from the trolley wire, owing to its negligence in failing to provide a fuse as a safe appliance for the place where the motor was connected with the trolley wire, which would have prevented the injury even if the motor were defective.

ID.—DUTY OF EMPLOYER TO PROVIDE FUSE—IGNORANCE OF NECESSITY BY FOREMAN NOT AN EXCUSE.—Where it appears that neither the foreman nor the employee were electricians, the ignorance of the necessity of a fuse by the foreman cannot excuse the duty of the employer to provide the fuse as a safe appliance, where it is shown that the grinder was unsafe and dangerous to use without it.

ID.—DUTY OF EMPLOYER NOT TO BE DELEGATED.—The duty of providing a reasonably safe appliance cannot be delegated by the employer.

ID.—RISK NOT ASSUMED BY SERVANT—DANGER NOT COMPREHENDED.—Where it appears that the servant, when he turned on the circuit or undertook the use of the appliance furnished, had no appreciation of the danger incident to the use of the appliance in its then condition, the fact that he knew that no fuse was attached does not bar his right of recovery, nor show that the risk was assumed by himself, where his want of comprehension of the danger is clearly shown by his evidence in that regard.

ID.—ABSENCE OF INCONSISTENCY IN VERDICT.—It is held that there is no inconsistency between the answers to the special interrogatories and the general verdict, and that all of them have support by competent evidence.

ID.—INSTRUCTIONS NOT REQUIRED TO BE REPEATED.—Where instructions requested are given in the charge of the court, the court is not required to repeat the same because requested.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Gibson, Trask, Dunn & Crutcher, J. W. McKinley, Robert C. Gortner, and Norman S. Sterry, for Appellant.

Drew Pruitt, and W. O. Morton, for Respondent.

ALLEN, P. J.—The action was one by an employee against his employer on account of alleged personal injuries. Plaintiff was employed by defendant and engaged in operating an electric grinder, the motor of which was fed from the trolley wires of defendant. The appliance provided by defendant for the work comprised a grinder, a motor and wires feeding such motor, together with ground wires. This appliance had been in successful operation for some time and had been used the preceding day by plaintiff. Before the accident, neither the foreman of defendant, under whom plaintiff was performing his duties, nor the plaintiff knew of any defect in either the motor or the grinder. The morning of the accident, for some cause, the apparatus proved to be out of order. This the foreman attributed to a broken ground wire, the condition of which had been noticed before leaving the shop in the morning. The foreman directed plaintiff to repair this wire where broken, which was done, and when plaintiff undertook to operate the machine it developed that the defect was not cured. The foreman then, assisted by plaintiff, cleaned the commutator, and believing that this would relieve the difficulty, the foreman directed plaintiff to try the machine and see if it would work, neither the foreman nor plaintiff at the time apprehending any danger in so doing. Plaintiff took the grinder in his hand and turned on the electric current, when the grinder "flashed fire," thus injuring plaintiff.

There is evidence warranting the finding of the jury that the appliance provided for the work, or that part thereof which connected the motor with the trolley wire, was not provided with a fuse. Had such fuse been provided, no injury of the character sustained by plaintiff would have resulted, even with a defective motor. Practically all of the other grinding appliances in use by defendant were controlled by a fuse, the purpose and office of which is to break the current through melting of the fuse, thus to obviate the

danger of flashing or of other injury which might result to one operating the grinder. Neither the plaintiff nor the foreman were electricians; the foreman had had no experience in repairing electric apparatus, and plaintiff, when he turned on the circuit or undertook the use of the appliance furnished, had no appreciation of the danger incident to the use of the appliance in its then condition.

Under these facts, appellant contends that no negligence is shown, chiefly because of defendant's want of knowledge that the motor was out of order, and that both plaintiff and defendant had equal knowledge of the condition of such motor, it being claimed that under such circumstances plaintiff assumed the risk in undertaking its use in the condition shown. When it is considered that the appliance furnished plaintiff for his work embraced not only the motor, but the wire necessary to convey the current, as well as the grinder (*Korander* v. *Penn Bridge Co., ante,* p. 249), [116 Pac. 384]), and that the injury resulted on account of a failure to properly equip the wire, the knowledge of defects in the motor alone does not necessarily affect the question of negligence. The injury resulted from the unsafe appliance provided by the master, the danger in the use of which was not fully comprehended by the plaintiff. The defendant, by providing an appliance which, in the absence of a fuse, was unsafe and dangerous to use, failed to discharge the duty of furnishing appliances reasonably safe and secure and to make such provision for the safety of employees as will reasonably protect them against the dangers incident to their employment. (*Higgins* v. *Williams,* 114 Cal. 184, [45 Pac. 1041]; *Starr* v. *Kreuzberger,* 129 Cal. 128, [79 Am. St. Rep. 92, 61 Pac. 787].) This duty of furnishing a reasonably safe appliance the master could not delegate, and it is not excused if its foreman was ignorant of the necessity for a fuse or of the actual condition of the motor, if, in fact, as found by the jury, the unsafe condition of the appliance furnished is shown. That plaintiff knew, as did all parties, that no fuse was attached, does not of itself bar plaintiff of his right of recovery. It must also appear that plaintiff fully understood and comprehended the danger incident to the use of such appliance in its defective condition. (Civ. Code, sec. 1970.) This want of comprehension on plaintiff's part is

clearly shown and properly shown by his evidence in that regard.

We observe no inconsistency between the answers to the special interrogatories and the general verdict, all of which have support by competent evidence. Neither do we see merit in the various questions presented as to the action of the trial court in its rulings upon the admissibility of evidence; nor any error in the giving or refusing of instructions. The criticism on account of the refusal to give instruction No. 16 is answered by reading instruction No. 7, given by the court at defendant's request, which latter instruction embodies all that is contained in the one refused. The other instructions refused, in so far as they were correct expressions of the law, were given in substance and effect in other instructions. It is an established rule that courts are not expected to nor required, after having given an instruction upon a question of law, to repeat the same thereafter.

A careful examination of the record satisfies us that no prejudicial error intervened, and the judgment and order are affirmed.

James, J., and Shaw, J., concurred.