## Robert Johnson *vs.* City of Boston.

Suffolk.   March 3. — June 25, 1875.   Morton & Endicott, JJ., absent.

In an action against a city to recover for personal injuries sustained by the plaintiff from the falling in, through the negligence of servants of the city, of the sides of a sewer which the city was constructing, and in which the plaintiff was at the time engaged in drilling a rock, the plaintiff offered to prove that he was in the employ of a man who employed a large number of men, and who, in his business of drilling and blasting rock for all persons who employed him, sent his workmen from place to place to do the work ; that the plaintiff with other servants of his employer was sent to drill and blast rock in the bottom of the sewer under the superintendence of a fellow workman who received the same pay as the others ; that the workmen were to drill and blast the rock in the sewer in the places pointed out by the foreman of the sewer department of the city in charge of the whole work ; that all the work except the drilling and blasting was done by servants of the city ; that the whole work, including the drilling and blasting, was under the general supervision of the superintendent of sewers of the city, and under the direct charge of a foreman of the sewer department ; that the city paid the plaintiff's employer a certain sum per day for each of his men for the time they were actually employed, and the employer paid his men a less sum each per day, and directed them where to go and what to do, retaining control of them so far that he could change them from one place of work to another and dismiss them.   *Held*, that the plaintiff was a fellow servant with the servants of the city whose negligence caused the injury, and that the action could not be maintained.

Tort for personal injuries.

At the trial in this court, before *Endicott*, J., the plaintiff offered to prove that he was in the employment of one Tinkham, who employed a large number of men, and whose business was drilling and blasting rock, and doing work of a like nature for all parties who chose to employ him; that he sent his workmen from place to place where he had work for them to do; that Tinkham sent the plaintiff, and eight other workmen in his employ, to drill and blast rock in the bottom of a sewer which the defendant, by its servants and agents, was engaged in constructing in Warren Street, in Boston, under an order of the board of aldermen of the city, directing the superintendent of sewers to construct a common sewer in the said street and to report a schedule of the expense thereof to the board pursuant to law ; that among the workmen sent by Tinkham was one Harrigan, who worked with the others and directed them where and how the drilling was to be done, and superintended the blasting ; that he was not called or styled a foreman, and he received only the same pay as the

others; that the duty of these nine men sent by Tinkham was to drill and blast the rock to deepen the sewer, in such places as might be pointed out to them by the foreman of the sewer department of the city in charge of the whole work; that they were to work in groups of three in drilling and blasting, and understood and were competent to do the work; that after it was blasted the rock was removed by men employed and paid by the defendant corporation; that the sewer was in process of construction between two street railway tracks laid in Warren Street, and the bottom of it was to be ten feet below the grade of the street; that the work of digging and removing the earth, clay and loose material, of bracing and protecting the sides of the sewer, and of laying and covering the sewer, was done by workmen and laborers employed and paid by the defendant corporation; that the whole work, including the drilling and blasting, was prosecuted under the general supervision of the defendant's superintendent of sewers, and under the direct charge and management of a foreman of the sewer department, employed and paid by the defendant corporation; that Tinkham furnished the plaintiff and his associates to do the drilling and blasting; and the defendant corporation paid Tinkham the sum of $2.45 per day for each of his men for the time they were actually employed, and Tinkham paid his men $2.25 a day each, gave them orders where to go and what to do, and retained control of them so far that he could change them from one place of work to another and could dismiss them; that at the point where the plaintiff was injured, the sewer had been dug nine feet below the grade of the street, and the clay and loose material had been removed by the men employed and paid by the defendant corporation; that it became necessary to blast and remove about one foot deep of rock-material in order to make the sewer of the required depth; that while engaged in drilling this rock, the sides or walls of the sewer above him caved or fell in, and the earth and loose material therefrom fell upon him, and he was injured.

The plaintiff also offered to prove that by reason of the negligence of those employed by the city the sides or walls of the sewer at that point were not braced in any manner, and that had they been properly braced they would not have caved or fallen in, and the earth would not have fallen upon the plaintiff and in-

jured him; that it was not the duty or even the right of the plaintiff or any of the men in the employ of Tinkham to brace the sides of said sewer, or to do any act or thing relating to the construction of the sewer, save and except the drilling and blasting of the rock; but it was the duty of the men employed and paid by the defendant corporation to do all things necessary in the construction of said sewer, save and except the drilling and blasting.

The defendant contended that upon these facts the plaintiff could not maintain his action, the alleged injury being caused by the negligence of the plaintiff's fellow workmen. The judge so ruled, a verdict was taken for the defendant, and the case was reported for the consideration of the full court; if the ruling was correct, judgment was to be entered on the verdict; otherwise the case to stand for trial.

*P. A. Collins*, for the plaintiff.

*J. L. Stackpole*, for the defendant.

WELLS, J. Assuming that the city would be liable to a stranger receiving injury from such negligence as is charged in this case, on the part of the foreman of the sewer department and those directly employed under him, the question then is whether the plaintiff was engaged in the same employment, so as to be a fellow servant with those of whose negligence he complains.

In determining this question, the fact that the defendant is a corporation of special and limited powers and capacities may be laid out of sight. The ground on which the action is sought to be maintained is that the persons engaged in excavating for the sewer, who were employed in behalf of and paid directly by the defendant, were its servants, for whose negligence, as such servants, the city is liable.

The plaintiff was also engaged in the prosecution of the same work, and substantially in the same branch of the work, to wit, the excavation. While at work he was "under the direct charge and management" of the same foreman, and the "general supervision of the defendant's superintendent of sewers." There was no contract in regard to the removal of the rock, which placed the service of drilling and blasting upon a footing different from any other part of the work. So that if Tinkham, the plaintiff's immediate employer, had been the person injured, while engaged in

the same work, he 'would clearly have been in the position of a fellow servant with those who excavated the earth. The only point of difference in the position of the plaintiff is that, by virtue of a previous agreement between himself and Tinkham, the latter was entitled to determine whether and how long he should be employed upon any part of the defendant's work, and to receive from the defendant the compensation due for such service. But while he was so employed he was in the service of the defendant, doing the work of the defendant, of which Tinkham had no control, and in the result of which he had no further interest than to receive the stipulated or reasonable rate of wages as for a personal service. The existence of this general relation of master and servant between the plaintiff and Tinkham does not exclude a like relation with the defendant, to the extent of the special service in which he was actually engaged. This was decided in *Kimball* v. *Cushman*, 103 Mass. 194, as to liabilities to strangers for the negligence of one employed in a special service. The result of the discussion, and of the authorities cited in *Hilliard* v. *Richardson*, 3 Gray, 349, would seem to be that while engaged upon the work of excavating the sewer the plaintiff was the servant of the defendant so far as to make the defendant liable to strangers for his negligent conduct in that work.

He must also be regarded as in the service of the defendant, so as to make him a fellow servant with the foreman and other workmen engaged in excavating the sewer. The reason usually assigned for the rule in regard to fellow servants, that in entering the service each one is presumed to take into account all the ordinary risks of the business upon which he enters, including negligence of fellow servants, applies to the plaintiff as well as it would to his immediate or general employer Tinkham. If his engagement with Tinkham did not contemplate the temporary transfer of his services to the control and direction of others, as ais were transferred to that of the defendant's foreman upon this work, then he himself, by assenting to that transfer and voluntarily engaging in the work as a servant of the defendant, assumed the liabilities and consequences that follow from the existence of that relation. The case of *Wiggett* v. *Fox*, 11 Exch. 832, is directly in point.

The cases cited for the plaintiff are mostly those of persons em-
ployed to do some part of a more extensive work, under a contract
which did not imply the relation of master and servant between
the principal contracting parties ; and therefore would not make
those, who were employed by one to do the specific work con-
tracted for, the servants of the other, nor fellow servants with
those employed generally upon the work by the other.

In this case the contract between Tinkham and the defendant
was one for rendering service as such ; and whoever engaged in
its performance was engaged in the service of the defendant, and
was a fellow servant with the others who were similarly em-
ployed upon the same work.    The ruling at the trial was correct,
and there must accordingly be

*Judgment on the verdict for the defendant.*