JAMES E. EATON *vs.* INHABITANTS OF WOBURN.

Middlesex.   Jan. 13. — July 25, 1879.   COLT & SOULE, JJ., absent.

A person, employed and paid by one who has contracted with a town to light and take care of its street lamps, is not a servant or agent of the town; and if, while engaged in his work, he suffers injury from a defect in a highway, he can maintain an action therefor against the town.

TORT for personal injuries occasioned by a defect in a highway in the defendant town.   Answer, a general denial.

At the trial in the Superior Court, before *Wilkinson, J.,* it appeared that the defendant employed, by contract, one Tay, to light and have the care of all the street lamps in the town; that

Tay engaged the father of the plaintiff to light and have the care of a certain number of the lamps, and paid him for his services; that the plaintiff did the work of lighting and putting out the lights for his father while the latter was so hired by Tay, from November, 1877, to the time of the accident; and that, while engaged in this work, on or about January 5, 1878, he fell over a board, which had been across the sidewalk about two months, and was injured.

Upon these facts, the judge ruled that the action could not be maintained; and directed a verdict for the defendant. The plaintiff alleged exceptions.

*E. A. Upton*, for the plaintiff.

*T. H. Sweetser*, (*G. A. A. Pevey* with him,) for the defendant.

AMES, J. The only point insisted upon in the argument for the defendant is, that the plaintiff was the servant of the town, and that the injury which he sustained was caused by the neglect of some fellow-servant in omitting to remove the board over which the plaintiff fell. Upon this point are cited *Farwell* v. *Boston & Worcester Railroad*, 4 Met. 49, and other decisions of that class. We are not called upon to decide whether the rule contained in these decisions can be carried so far as to relieve a town from being held responsible for injuries sustained by one of its own workmen or servants while on his way to the place of his employment, by a defect or want of proper repair in the highway on which he was travelling. We see no ground for considering the plaintiff as a servant or agent of the town. It is true that he was dealing with street lamps belonging to the town, but he was not employed or paid by the town. There was an intermediate party, viz. Tay, who had exclusive control of the means and manner in which the business about which the plaintiff was employed should be done, and the exclusive direction of the persons employed. According to the rule laid down in *Kimball* v. *Cushman*, 103 Mass. 194, and *Johnson* v. *Boston*, 118 Mass. 114, this point cannot be maintained by the defendant.

*Exceptions sustained.*