of appeals. A reference to the record shows that before the accident the defendant had actually delivered the lumber to the contractor, who was to use it in building; so that his control over it had ceased just as completely as had the control of the defendant in the present case over the pipe which he piled upon the bulkhead. This fact, however, did not relieve him from liability. See Court of Appeals Cases, Brooklyn Law Library, vol. 1041. It would seem that under such circumstances the person who erects a dangerous structure in a highway or public place, as well as the person who acquires ownership, and subsequently assumes control thereof, with knowledge or notice of its true condition, is responsible for injuries which may result from its presence.

T think the judgment should be affirmed. All concur.

---

### LYON v. AVIS et al.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

1. NEGLIGENCE—USE OF STREETS—CONTRIBUTORY NEGLIGENCE.
    Plaintiff, a hod carrier, while filling his hod from a pile of mortar in the street, was run over by defendant's truck and injured. The contractor under whose orders he was working had a permit to place mortar in the street. *Held*, that the mere fact that plaintiff was using the highway for a purpose foreign to its ordinary use did not make him guilty of contributory negligence as a matter of law, but it was for the jury to say whether, in view of his special surroundings, he was negligent.

2. SAME—NECESSARY CARE—INSTRUCTIONS.
    In such case it was error to refuse to charge that it was the duty of one using the street for the purpose of mixing mortar or filling the same into a hod to use diligence in avoiding danger, especially in looking out for teams, and if plaintiff, as a result of not using such diligence, was injured, he could not recover; and the error was not cured by a general instruction that it was plaintiff's duty to exercise ordinary and reasonable care, to use his eyes and ears, and to exercise all the faculties which he possessed, in view of his age and intelligence.

Appeal from court of common pleas, trial term.

Action by Michael J. Lyon against William A. Avis and others to recover damages for injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Henry B. Twombly, for appellants.
Thomas P. Wickes, for respondent.

BARRETT, J. This was, as the learned trial judge observed in his charge, peculiarly a case for the jury. The plaintiff was injured by the defendants' truck while he was occupied in mixing mortar upon the highway in front of 223 Madison street, in this city. He was a laborer, employed by one Harlow, who had the contract for plastering a building which was being erected at the above number. Harlow had a pile of mortar there upon the street, and the plaintiff says he was stooping down in the act of filling his

hod, when he was run over by the defendants' truck. We entirely disagree with the appellants in their view of the facts. The plaintiff's story, fortified by that of his fellow laborer Higgins, was sufficient to take the case to the jury. Their story was denied by the defendants' witnesses, but the conflict raised a fair question as to the negligence of the defendants' driver, and also as to the plaintiff's freedom from negligence. The plaintiff's employment was lawful. Harlow was authorized, under his permit, to place material upon the street, and the plaintiff had a right to obey his employer's orders with respect thereto. It may be that there was no authority upon Harlow's part to utilize the street for the mixing of mortar. The permit did not, perhaps, cover such a use. But the plaintiff was nevertheless under the protection of the law, and could not be run over with impunity. We entirely dissent from the proposition that, because of his presence in the vicinity of this pile of mortar, he was guilty of contributory negligence as matter of law. What may properly be held is that, under the circumstances, he was bound to be duly vigilant for his own protection. His situation was not like that of an ordinary pedestrian upon a city sidewalk, or even of a person crossing a street. He was utilizing the highway for a purpose foreign to its ordinary use; a purpose which is specially permitted only because of exceptional business needs. But the use was necessarily fraught with danger. It called for vigilance corresponding to the exigencies of the situation. No man should deliberately place himself in a position where horses and vehicles are constantly passing and repassing, without being mindful of his surroundings. The question whether the plaintiff was guilty of contributory negligence, therefore, involved the consideration of his acts with regard to his special surroundings at the time of the injury. It was to emphasize the necessity for vigilance commensurate to the situation that the defendants requested the learned trial judge to charge the following proposition:

"(3) It is the duty of one using the street for the purpose of mixing mortar, or filling the same into a hod, to use diligence in avoiding danger, especially in looking out for teams; and if the jury believe from the evidence that the plaintiff did not use such diligence, and by reason thereof met with this accident, he cannot recover from this defendant."

The learned judge declined to charge the proposition, and the defendants excepted. We think this was error. The language of the request seems to us to be a correct condensation of the true rule applicable to the circumstances. We have searched diligently for a satisfactory answer to this assignment of error, but we find none. The respondent, indeed, does not deny the accuracy of the rule embodied in the request. He seeks to cure the error by the suggestion that the learned court had already charged the proposition in other language, and that the request was, therefore, repetitious. It was not declined upon any such ground, and the context indicates that it was declined because it was not deemed accurate. If, however, it was covered by any other part of the charge, it was not error to decline to repeat it in another form. We have examined the charge with care, but we fail to find any language which can be

deemed the full equivalent of this proposition. There was a statement of a general character that it was the plaintiff's duty to exercise ordinary and reasonable care, and to use his eyes and ears, and to exercise all the faculties which he possessed, in view of his age and intelligence. This was well enough, but it was somewhat vague and general as applied to the plaintiff's surroundings. We cannot say that it was all-sufficient, and that a proposition which applied the general rule to the special facts of the case was repetitious. On the contrary, we think that a charge of a stereotyped character as to contributory negligence in general hardly met the needs of the case. It could not have clearly impressed upon the jury the precise question which they were called upon to determine. That question, as we have already pointed out, was whether the plaintiff's vigilance was commensurate to the requirement of his surroundings. It was that particular feature of the case to which the proposition was pointedly addressed. We think it was proper to call the attention of the jury to the plaintiff's surroundings in connection with the instruction as to contributory negligence, and to apply the rule to those surroundings. It will not do in all cases to confine instructions to a general statement that the plaintiff must establish the defendant's negligence and his own freedom therefrom. Such a charge is not always helpful to a jury, nor does it clarify the precise question before them. We have but little regard for subtle and involved requests which tend only to mislead or confuse. But, although requests are sometimes abused, they frequently serve a good purpose when the ground has not already been covered by the charge in putting the real question in concrete form. Thus it was here. The learned judge in his colloquial charge dealt with a mere statement of the general rule of law. He followed that by charging, at the plaintiff's request, certain specific propositions applicable to his situation, and favorable to his contention; such, for instance, as that the jury were not justified in inferring negligence from the mere fact that he was upon the roadway; and, further, that a footman has a right to be in the public street, either for the purpose of crossing it or for any other lawful purpose. Surely, after this, it was proper to tell the jury that there was something more in the case than the mere fact that the plaintiff was upon the roadway, and that he had a right to be there for a lawful purpose. It was justly essential to supplement this by the further statement that the plaintiff was upon the roadway for business purposes, and that these purposes certainly called for diligence in avoiding danger, and especially in looking out for teams. It is impossible to say that the charge covered this proposition, either in terms or substantially. On the contrary, when the entire charge is considered, it is apparent that the case went to the jury upon a false notion that the plaintiff's right to be where he was diminished the extent of the vigilance properly required of him, and the necessity for its due exercise. It should have been put the other way, namely, that, being where he was, the plaintiff's vigilance should have been increased, not diminished. The vigilance should certainly have been adequate to this position of danger. We think, therefore, that the proposition un-

der consideration should have been charged, and that its refusal was distinctly prejudicial to the defendants.

The judgment and order appealed from should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.