(20 App. Div. 171.)

CUNNINGHAM v. SYRACUSE IMP. CO.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

MASTER AND SERVANT—FELLOW SERVANTS.

Plaintiff, while in the employ of a third party as a teamster, was temporarily hired by him to defendant, and set to hauling stone under the direction of defendant's foreman, and with the assistance of his servants, and, while performing such service for defendant, was injured through the negligence of one of his assistants. Held that, as defendant was plaintiff's master at the time of such injury, and was also the master of the person whose negligence caused the injury, such person and plaintiff were fellow servants.

Appeal from trial term, Onondaga county.

Action by Patrick Cunningham against the Syracuse Improvement Company. From a judgment dismissing the complaint, and for costs, plaintiff appeals. Affirmed.

The plaintiff was a teamster in the employ and pay of one John W. Gee. On the 13th of August, 1895, Gee agreed with the defendant to furnish it a team, wagon, and man to haul stone for $3.50 per day, and he thereupon directed the plaintiff to take a team, and perform whatever work was required of him by the defendant. In obedience to these instructions, the plaintiff, on the following morning, went with his team to the canal near what is known as the "wide waters" in the city of Syracuse, at which place a boat loaded with stone was moored to the bank. He reached the canal at about half past 6 o'clock, and waited "until the boss and his men came." At 7 o'clock the "boss" stationed his men, called to the plaintiff to drive forward, told him where to place his wagon, and directed him to help load stone thereon. He also instructed him as to the number of stones to draw at a time, and as to the proper method of placing them on his wagon. The plaintiff followed the instructions thus given, and proceeded to load his wagon. The stones were swung from the boat onto the wagon by means of a derrick, and, while the plaintiff was occupied in placing them in proper position, one of the defendant's servants negligently permitted a large stone to be swung towards the wagon without any warning to the plaintiff, in consequence of which the latter was hit, and quite severely injured. It is to recover damages for the injury thus received that this action is sought to be maintained.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Walter N. Magee, for appellant.
W. S. Andrews, for respondent.

ADAMS, J. At the close of the plaintiff's evidence a nonsuit was directed by the learned trial court, upon the ground that the injury of which the plaintiff complains was inflicted by the negligence of a fellow servant, and the determination thus reached presents the sole question which this court is called upon to review. It is, of course, not to be denied that at the time of the accident the plaintiff and the person whose negligence caused his injury were engaged in a common occupation. But it is insisted, nevertheless, that they were in no legal sense co-servants, for the reason that they were not in the employ of the same master. And, if this contention is well founded, it is needless to say that the direction which was given to the case at the trial was unwarranted, for it must be assumed for the purpose of this review that the person in charge of the derrick was negligent, and, as the relation of master and servant existed between him and the defendant, it necessarily follows that the latter was liable for the neg-

ligence of the former, unless he and the plaintiff were fellow servants. It must be our endeavor, therefore, to determine whether the position assumed by the defendant is tenable in the face of the undisputed facts of the case; and in making this attempt it is of primary importance to find some test by which the plaintiff's relation to the defendant can be definitely ascertained. It is well settled that, in order to establish the relation of master and servant, it is necessary that the employer shall not only select the workman, but that he shall also possess the right to direct him in the performance of his work, as well as to discharge him for incompetency or misconduct. Butler v. Townsend, 126 N. Y. 105–108, 26 N. E. 1017. When the relation is thus established, the doctrine of respondeat superior applies as between the master and third parties. And this doctrine is founded upon the power which the master has the right and is bound to exercise over the acts of his subordinates for the prevention of accidents. Blake v. Ferris, 5 N. Y. 48–53. We think it is quite apparent, therefore, that the real test of relationship is—First, employment; and, second, power and control over the person employed. Or, as it has been tersely stated by a text writer of recognized ability: "In all such cases the test is whether, at the time of the injury, the servant was subject to the master's control." Wood, Mast. & S. § 424.

Subjecting, then, the facts of the case in hand to an application of this test, we find that the element of power or control is pretty conclusively established; for it is undisputed that the plaintiff, while engaged in drawing stone for the defendant, was under the absolute control of the latter; that he received directions from the defendant's foreman as to where he should station his wagon while it was being loaded, as to the manner of loading the stone, and where to unload the same, and that he obeyed these instructions. In all these respects, therefore, he occupied precisely the same relation towards the defendant as did the other workmen who were associated with him. But it is urged that there is still lacking the element of employment which is essential to the creation of the relation of master and servant, and in one sense this contention is true, for, unquestionably, at the time of the accident Cunningham was, generally speaking, in the employ of Gee, and was working only temporarily for the defendant, by permission of his general employer. But did this circumstance affect Cunningham's relation towards his fellow laborers? That is, as to them, did it constitute him a stranger, instead of a co-servant? In order to obtain a satisfactory solution of this question it must be borne in mind that the principle invoked by the defendant, and which has thus far been applied to this case, is one which has secured recognition in this country for more than half a century. Murray v. Railroad Co., 1 McMul. 385; Farwell v. Railroad Co., 4 Metc. (Mass.) 49. Briefly stated, this principle is that, when a person accepts employment in a business in which others are engaged with him, there is an implied agreement upon his part to assume all the ordinary risks attending such business, including accidents which result from the carelessness of his co-employés; and the foundation upon which it rests is unity of service and control. In a case, therefore, where unity of service and control is found to exist, the natural

deduction would appear to be that, if a person is injured by the carelessness of another, and at the time of the accident they are both subject to the orders and control of a common master, they are co-servants as to the particular employment in which they are engaged, although one of them may at the same time happen to be in the general service of a third party. Or, to state the proposition more concisely, a person who is temporarily employed while in the general service of another must be treated, as to that particular employment, as the servant of the person thus employing him; and the person who has the right to direct and control his conduct in that particular business must likewise be regarded as his master, for it is quite clear that the existence of the general relation of master and servant does not exclude a like relation between the servant and a third party to the extent of the special service in which the servant may be actually engaged.

The rule as thus stated has long been recognized and adopted in Massachusetts. In the case of Kimball v. Cushman, 103 Mass. 194, it was deemed applicable as to liability to a stranger for the negligence of one employed in a special service, and in the more recent cases of Johnson v. City of Boston, 118 Mass. 114; Hasty v. Sears, 157 Mass. 123, 31 N. E. 759; Morgan v. Smith, 159 Mass. 576, 35 N. E. 101; and Coughlan v. City of Cambridge, 166 Mass. 268, 44 N. E. 218, —it was applied where, as in the present case, the general employer had temporarily loaned his servant to another for some particular purpose. In this state the decisions upon this question appear to be somewhat conflicting. In a comparatively early case it was held by the general term of the Fourth department that where a servant was loaned by his general employer to a third party for some special service, and while engaged in the performance thereof carelessly drove into and injured the wagon of a stranger, the general, and not the special, employer was liable. Michael v. Stanton, 3 Hun, 462. And in the more recent case of Murray v. Dwight, 15 App. Div. 241, 44 N. Y. Supp. 234, the appellate division in the Third department, in reviewing some of the authorities to which we have adverted, as well as several leading English cases involving the same question, lays much stress upon the fact that in the case which it was considering a horse was loaned by the general employer with his servant, and seems to regard this fact as calling for the application of a different rule from the one which would obtain if the servant only had been loaned. Why this should be so, especially in a case where the servant, and not a stranger, is the party injured, we must confess our inability to understand. But as the decision in the case last cited appears to rest mainly upon the fact that the accident to which the plaintiff attributed his injury did not occur during the course of his actual employment, what is said in the prevailing opinion as regards the question here under consideration may perhaps be treated as obiter. But, however this may be, we think that the court of appeals in at least two instances has very clearly indicated the rule which should govern in cases of this character. Wyllie v. Palmer, 137 N. Y. 248, 33 N. E. 381; McInerney v. Canal Co., 151 N. Y. 411, 45 N. E. 848. In the case first cited the defendant sold a quantity of fireworks to a com-

mittee of the citizens of the city of Auburn, and at the time fixed upon for their exhibition sent a man and a boy to Auburn to assist the committee in managing the display. The expenses of these two persons were paid by the committee, under whose directions and control they acted while in Auburn. A rocket which was discharged by the boy struck and injured one of the plaintiffs, and in an action against the general employer to recover damages for such injury, it was held that:

"The fact that the party to whose wrongful or negligent act an injury may be traced was at the time in the general employment and pay of another person does not necessarily make the latter the master, and responsible for his acts. The master is the person in whose business he is engaged at the time, and who has the right to control and direct his conduct."

When we come to apply the rule as it is thus stated to the present case, we are unable to see why it does not necessarily dispose of the question we have been considering; for, as has already been stated, the plaintiff, at the time he received his injury, was engaged in performing services for the defendant, who had the right, and did actually assume, to control his conduct. For any misconduct or inability to perform the service required of him the defendant could undoubtedly have discharged him, and returned him to his general employer. The defendant was, therefore, at that time the plaintiff's master, and as it was also the master of the person whose negligence caused the injury it follows that this person and the plaintiff were co-servants in the same common employment, and that no action lies against the defendant for the injury sustained by the plaintiff. Rozelle v. Rose, 3 App. Div. 132, 39 N. Y. Supp. 363. The judgment appealed from should therefore be affirmed.