### HOWARD v. LUDWIG et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

MASTER AND SERVANT — RELATION—EVIDENCE—SUFFICIENCY TO CREATE LIABILITY FOR NEGLIGENCE.

Under an oral agreement for a certain sum per week, truckmen furnished a team, wagon, and driver to defendants, furniture dealers, to deliver goods sold by them to their customers. The driver reported every morning with the truck, on which were defendants' firm name and place of business, received a list of the deliveries, loaded the goods on the wagon, and, after the work was done, returned to the truckmen's stable. Ferriage expenses were paid by defendants, and the agreement which had been made by the firm's predecessors was adopted and continued by them by a tacit understanding only. *Held,* that the driver was defendants' servant, in so far as to render them liable for his negligence while delivering goods, resulting in a personal injury to plaintiff.

Goodrich, P. J., dissenting.

Appeal from trial term, Richmond county.

Action by Margery Howard against Isidor and Bernhard J. Ludwig. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

John S. Davenport, for appellants.
Denis A. Spellissy, for respondent.

HIRSCHBERG, J. The plaintiff recovered judgment for injuries sustained by collision on a public highway with a wagon which the complaint alleges was at the time owned or controlled and used by the defendants, and managed by their servant in the course of their business. The main question presented on the appeal relates to the liability of the defendants for the negligent acts of the driver. The defendants were engaged in the furniture business and the wagon was used at the time of the accident in the delivery of their goods to purchasers in Staten Island. Their firm name and place of business were on the truck, but the truck and horses were owned by a firm of truckmen, Albersmeier & Bickert, doing business under the name of the University Express Company, and the driver was in the general employment of such firm. The arrangement under which the firm

of truckmen furnished the horses, wagon, and driver to the defendants was oral, and had been in operation a number of years; but no definite evidence was given as to the terms of the contract, excepting that for the sum of $30 a week Albersmeier & Bickert furnished the defendants with a truck, horses, and driver, for the purpose of delivering goods sold by them to their Staten Island customers. The driver reported every morning with the truck and horses at the defendants' place of business, received a list of the deliveries from defendants' shipping clerk, loaded the goods upon the wagon, and, after the work was done, returned to Albersmeier & Bickert's stable. There was considerable evidence given as to other conditions of the contract, but they were very evidently conclusions of the witnesses, rather than statements of fact. It did clearly appear, however, that there was no engagement one way or the other as to who should pay the ferriages, and that such payment was in fact always made by the defendants. It also clearly appeared that the agreement under which the horses, wagon, and driver were furnished to the defendants was made with the predecessor in business of the firm of Albersmeier & Bickert, and was adopted and continued by that firm, when formed, by a tacit understanding only. I am satisfied from the evidence that the contract required Albersmeier & Bickert to furnish the wagon, horses, and driver to the defendants, in order to enable the latter to make the deliveries in question, and that they were actually placed under the control of the defendants for that purpose. Although the driver was not hired or paid by them, and they could not have discharged him from his general employment, yet he was their servant at the time of the accident, in a sense and degree which served to render them liable for his negligence, under the doctrine of respondeat superior. Although the driver was employed generally in the express business, he was, by virtue of the contract between his employers and the defendants, actually engaged at the time of the collision in the furniture business, and was occupied in delivering furniture, as a part of and pursuant to the defendants' contracts of sale. It may be conceded that the defendants could make a contract for the delivery of their goods by express in such a way that no liability on their part would result because of negligence in the course of transportation, but the mere general hiring, at so much a week, of horses, wagon, and driver with which to do the work, is not necessarily such a contract. The learned trial justice submitted the question of the nature of the contract to the jury to decide upon all the evidence whether the arrangement was one by which Albersmeier & Bickert undertook themselves to make the defendants' deliveries, or by which they furnished the defendants with an outfit to be employed by the latter in making the deliveries. The verdict must be assumed to be based upon a finding upon this question adverse to the contention of the defendants. The liability of the defendants is well settled upon principle and by authority, and the cases relating to the question have been recently considered by this court, in the case of Baldwin v. Abraham (decided at this term) 67 N. Y. Supp. 1079. The application of the principles established by these decisions is not difficult in the case in hand. The driver was employed generally by the expressmen

to drive in their business, as common carriers in the delivery of goods and parcels for the public generally. By the contract between them and the defendants, as found by the jury, he was temporarily withdrawn from that business, and transferred, with his horses and trucks, to the defendants, to be used by them in their business, not in a special or particular instance, but generally, so far as concerned the Staten Island trade. And this is so, for the purposes of this case, equally whether the agreement was that Albersmeier & Bickert should deliver the defendants' goods for $30 a week, or should furnish the defendants with an outfit for that purpose, so long as Albersmeier & Bickert did in fact fulfill their engagement by actually placing an outfit at the defendants' disposal, so that the latter could and did use and control it for the time being just as though it was their own. The fact that the defendants, with the apparent sanction and assent of Albersmeier & Bickert, were permitted to put their own name and address upon the wagon, as an advertisement to the general public that it was theirs, or at least in use in their business, is one of great significance in determining in whose service, within the law of negligence, the driver is to be regarded as driving at the time of the accident, and, to my mind, leads to but one conclusion. It follows that at the time of the accident the driver was not engaged in the express business, but was specifically fulfilling the defendants' contracts, by delivering the goods which they had sold and agreed to deliver. In other words, he was carrying out their contracts of sale and delivery. He was subject to their orders and control for the time being in the same sense, if not to the same extent, as he would have been had they hired him directly to drive their own truck and horses. A detailed discussion of the exceptions is unnecessary. None of them, even if well taken, would affect the result.

The judgment and order should be affirmed. All concur, except GOODRICH, P. J., who dissents.