### COHEN et al. v. WESTERN ELECTRIC CO.

(Supreme Court, Appellate Term. June 1, 1906.)

MASTER AND SERVANT—INDEPENDENT CONTRACTOR—LIABILITY TO THIRD PERSON.

> Defendant is not liable for the negligence of the driver of a truck of a firm of contractors engaged exclusively in the trucking business for defendant—the firm being paid by the month, according to the number of trucks employed, a certain amount for each kind of truck, extra trucks needed being furnished at a certain amount per day, all the equipment for the business being owned by the contractors, all workmen engaged in hauling being paid by the contractors, and they and their foreman being the only persons exercising the power to employ or discharge such workmen; and this, though defendant's shipping clerk gave directions as to where goods should be taken, and skids on the side of the truck bore defendant's name.

> [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 1257.]

Appeal from City Court of New York, Trial Term.

Action by Isaac Cohen and others against the Western Electric Company. From a judgment on a verdict for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Richard T. Greene, for appellant.
Gustavus A. Rogers, for respondents.

CLINCH, J. This action is predicated upon the negligence of the driver, Doyle, who was in charge of the truck at the time of the acci-

dent. Plaintiffs seek to hold the defendant liable for Doyle's negligence upon the ground that defendant was responsible for his acts. Fish & Wilmarth was a firm of contractors engaged exclusively in the trucking business for the Western Electric Company. The firm was paid by the month and according to the number of trucks employed, and at the monthly rate of $150 for double trucks, $100 for single, and $90 for wagons. If extra trucks were needed to handle the business, they were furnished by Fish & Wilmarth at $7 a day.

It was not disputed at the trial that the contractors owned all the trucks, wagons, horses, harness, and other equipment necessary to carry on their contract. At the close of the trial plaintiffs conceded that the defendant did not own the outfit, but claimed that it operated it. The firm of Fish & Wilmarth paid the wages of Doyle and the other employés, and the firm and Redfield, its foreman, were the only persons who ever exercised the power to employ or discharge the drivers and other employés. There is no evidence tending to show that the defendant or any of its officers or servants had or ever attempted to exercise any authority over Doyle or any other driver, other than the evidence of the direction of a shipping clerk as to where goods were to be taken that were to be delivered by the defendant to its customers. There is no evidence sufficient to charge defendant with responsibility for any negligence on the part of Doyle, assuming that any negligence was proved. Skids on the sides of the truck contained the words "Western Electric Co.," but no address. At the most, this fact called for an explanation by defendant, and the explanation furnished by it disposed of any prima facie case which the presence of the skids created. The statement that the case contains all the testimony given upon the trial is sufficient. Dibble v. Dimick, 143 N. Y. 549, 38 N. E. 724.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.