COHEN et al. v. WESTERN ELECTRIC CO.

(Supreme Court, Appellate Term.   March 5, 1908.)

MASTER AND SERVANT—INDEPENDENT CONTRACTOR—LIABILITY TO THIRD PERSONS.

An employer of a firm of contractors engaged in furnishing trucks for hire, who has control over the employés of the firm by reason of his right to direct the use of the trucks, the firm having nothing to do with the details, stands toward the employés of the firm as master, and is liable for the negligence of the driver of a truck.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1257, 1258.]

Appeal from City Court of New York, Trial Term.

Action by Isaac Cohen and others against the Western Electric Company.   From a judgment for plaintiffs on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Richard T. Greene, for apppellant.

Gustavus A. Rogers, for respondents.

BISCHOFF, J.   Upon a former appeal (Cohen v. Western Electric Co., 99 N. Y. Supp. 525) this court held that the evidence was insufficient to charge the defendant with the negligence of Doyle, the driver, who was employed by the firm of Fish & Wilmarth, independent contractors, engaged in the business of furnishing trucks for hire. The contract between the defendant and Fish & Wilmarth, not in evidence at the first trial, but produced upon the trial under review, indicates the fact of the defendant's control over the contractors' employés sufficiently to support a liability under the doctrine of "respondeat superior," within the authorities.   Howard v. Ludwig, 171 N. Y. 507, 64 N. E. 172; Baldwin v. Abraham, 57 App. Div. 67, 67 N. Y. Supp. 1079.   Under this agreement the defendant reserved every right to direct the use of the trucks, and the contractors, apparently, had nothing to do with the details.   The case, as now developed, is not one of a mere hiring to make delivery of goods, in the course of the hirer's business (Moore v. Stainton, 80 App. Div. 295, 80 N. Y. Supp. 244), but involves every necessary element of the hirer's individual control, for the purposes of the relation of master and servant, notwithstanding that the servant was engaged and paid by another. As was said in Howard v. Ludwig, supra, at page 510 of 171 N. Y., and at page 173 of 64 N. E.:

"If * * * the arrangement was that the defendants should pay $30 a week for the team. truck. and driver, and they took charge of the delivery of the goods * * * as the exigency of their business required, then the relation of master and servant was created between them and the driver, and they became liable for his negligent acts."

We do not deem it necessary to discuss the evidence as to the happening of the accident.   It suffices to say that the version given by the plaintiffs' witnesses, when accepted by the jury, amply established the

negligence of the driver, Doyle, and freedom from contributory negligence upon the part of the plaintiffs' servant.

We conclude that the judgment should be affirmed, with costs. All concur.