SEAMAN v. MOTT.

(Supreme Court, Appellate Division, Second Department.   June 5, 1908.)

1. HIGHWAYS—USE OF HIGHWAYS—COLLISIONS—ACTIONS—NEGLIGENCE—EVIDENCE.

In an action for injuries to a pedestrian in a collision with a motor car evidence *held* not to prove actionable negligence.

2. SAME—RIGHT TO USE HIGHWAYS.

Ordinarily a pedestrian has no right of way superior to that of a driver of a vehicle, but each may continue in his own course with relative regard for the other's right of travel, and a driver of a motor car was not bound to bring his car to a stop, in the absence of proof authorizing an inference that, in the exercise of due care, he had reason to believe that if he proceeded a pedestrian would come in contact with the car, and where it did not appear that, after such contact was inevitable, the driver of the motor omitted anything to prevent that contact there was no liability.

3. WITNESSES—PRIVILEGED COMMUNICATIONS—CROSS-EXAMINATION.

Where plaintiff, in a personal injury action, called as a witness the physician who treated him after the accident, and the physician gave evidence as to the injury sustained in the accident, defendant was entitled to cross-examine the physician with reference to treatment rendered plaintiff prior to the accident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 781, 782.]

Appeal from Trial Term, Queens County.

Action by Treadwell Seaman against J. Varnum Mott. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William C. Beecher (Clifford C. Roberts, on the brief), for appellant. Michel Kirtland (Mary Coleman, on the brief), for respondent.

JENKS, J. I think that the judgment must be reversed because the plaintiff did not present a case to support the verdict of the jury that the defendant was negligent. The plaintiff was injured by the motor car of the defendant. The accident occurred in the roadway on the north side of the public place—Columbus Circle, near Fifty-Ninth street, in the borough of Manhattan of the city of New York. It was daylight between 5 and 6 p. m. of May 22, 1905. The plaintiff, who is his sole witness as to the accident, testifies that upon leaving the curb he looked for possible perils, that he neither saw nor heard the motor, and that he did not hear "any bell." Proceeding about 10 feet, he heard shouting, whereupon he turned his head, and the motor car, seen by him for the first time, was upon him. He testifies that he was run down or struck by the front of the car, but all he knows is that he came in contact with it so that a front wheel ran over his foot and a side of the car struck him. He does not testify to any fact which proves or which permits the inference that the chauffeur was inattentive, or that he drove improperly, or recklessly, or that the car deviated suddenly from its course, or changed its speed, or that there was any management whereby the plaintiff suddenly or unexpectedly came into contact with the car. He does not testify to the speed. In effect, he rests his case upon the proposition that he came into contact with the moving motor car, so that a front wheel and the corresponding side of the car injured him. And from that circumtance he would hold the defendant for negligence. His case was not aided at all by the testimony for the defendant. On the contrary, that confirms my conviction that at the close of all testimony the plaintiff was not entitled to a submission to the jury of the question of the defendant's negligence. As the plaintiff did not put his finger upon any specific act of omission or of commission which would justify such submission, neither did the learned court in its charge indicate any specific question or questions of the defendant's due care. The defendant, then in the car, his chauffeur, a passenger, and two disinterested witesses who saw the occurrence testified for the defense. The witnesses all agree that the motor car was barely moving, at a rate variously estimated from three to five miles an hour. The chauffeur testifies that he had shut off the power, and that the car was moving with its former impetus. He also testifies that he was sitting at the side of the car to which the plaintiff approached; that he saw the plaintiff when three feet to the right and four feet ahead; that he had just sounded his horn and had shut down the power because of other pedestrians. The evidence further showed that, as the plaintiff ap-

proached the car, the chauffeur, the defendant, and one of the other witnesses, a policeman on post, shouted out to him, but that the plaintiff proceeded, hesitated, and then stepped forward into contact with the car. All of the witnesses agree that the plaintiff in effect walked into contact with the car. I fail to see what act or omission of the defendant would permit a finding of his negligence. He was not bound to bring his car to a standstill. He had a right to go on. There is no proof and no inference possible that, in the exercise of due care, he had reason to believe that, if he proceeded, the plaintiff would continue so as to come into contact with the wheel or the side of his car. There is no circumstance shown which required the plaintiff to continue his course to such contact. Ordinarily the plaintiff had no right of way, but each party could continue in his course with relative regard for the other's right of travel. Barker v. Savage, 45 N. Y. 191, 6 Am. Rep. 66. It does not appear that, after such contact was inevitable, the defendant in the exercise of due care could have done anything then omitted by him to prevent that contact. Indeed, there is serious question whether the plaintiff was not guilty of contributory negligence as matter of law. Lofsten v. Brooklyn Heights R. R. Co., 184 N. Y. 148, 76 N. E. 1035. In any event, the question of such negligence is an important one in this case.

The court erred in the exclusion, as privileged, of the defendant's questions on cross-examination of the physician of the plaintiff. When the patient called the physician to give evidence as to injury, pain, and suffering attributed to this accident, the patient could not exclude, as privileged, the questions by the defendant as to professional treatment prior to this accident, for such questions might have shown the prior existence of such physical conditions, at least to a degree. The principle of privilege is not intended, as the courts have said, to be both a sword and a shield for the patient. This subject is thoroughly discussed by my Brother Miller writing for this court in Marquardt v. Brooklyn Heights R. R. Co. (decided May 1, 1908) 110 N. Y. Supp. 657.

The judgment and order must be reversed and a new trial be granted, costs to abide the event. All concur.

