### BOKER v. H. KOEHLER & CO.

(Supreme Court, Appellate Term. May 7, 1909.)

MUNICIPAL CORPORATIONS (§ 705*)—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

A person standing on the roadway of a street, and thereby exposing himself to danger from vehicles properly passing along the roadway, must exercise care corresponding to the danger to avoid such vehicles.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. § 705.*]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by David Boker against H. Koehler & Co. From an order setting aside a judgment in favor of plaintiff, rendered after a trial before the court and a jury, he appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Charles S. Rosenthal, for appellant.

Frank V. Johnson (Louis Cohn and Myron C. Cramer, of counsel), for respondent.

GILDERSLEEVE, P. J. The action is for loss of services of plaintiff's wife, resulting from injuries that she sustained arising from the alleged negligence of defendant's driver. The defendant offered no proof. The case went to the jury under a charge to which no exception of consequence was taken. They found for plaintiff, and the court set aside the verdict, upon the ground that no evidence was presented showing any fault or negligence on the part of the driver, nor any evidence of the exercise of any care or caution on the part of plaintiff's wife to avoid vehicles that might properly pass along the roadway, upon which she was standing.

The plaintiff's wife was standing in the roadway of Rivington street, in the act of purchasing rolls from a street vendor, when she was knocked down by horses attached to a wagon of defendant. She had placed herself in a position necessarily fraught with danger, and there is no evidence that she exercised care corresponding to the exigencies of the situation. I think that the cases of Lyons v. Avis, 5 App. Div. 193, 38 N. Y. Supp. 1104, Seamon v. Mott, 127 App. Div. 18, 110 N. Y. Supp. 1040, and similar authorities that I shall not take the time to cite, fully support the position of the learned trial justice in setting aside the verdict and ordering a new trial. Furthermore, considerable might be said in support of the respondent's claim that the damages were excessive.

The order should be affirmed, with costs to respondent.

GOFF, J., concurs.

DAYTON, J. (dissenting). The plaintiff sued for loss of services and consortium caused by an accident to his wife through the negligence of defendant's driver. Defendant offered no proof. Motions to dismiss for failure to show negligence, on the ground that the plaintiff's wife was not free from contributory negligence, and for the direction of a verdict for defendant, were denied, and the case went to the jury on a charge to which no exceptions were taken. The jury found for the plaintiff in the sum of $500, and a motion to set aside the verdict on the ground that it was excessive, contrary to the weight of evidence, and upon all the grounds mentioned in section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580), was granted. From the order entered thereon the plaintiff now appeals to this court.

The record shows that the plaintiff's wife at the time of the accident, which was about 7 o'clock in the morning, was engaged in purchasing rolls from a woman who was displaying her wares in a basket near to the curb in the roadway on the south side of Rivington street,

a few feet east of the Bowery. The woman who was selling the rolls was standing on the sidewalk by her basket. There were several other vendors engaged in the same occupation at the same place. In fact, the record shows that it was a sort of street market, where the women of the vicinity were buying their morning supply of bread. The plaintiff's wife testifies that when she came into Rivington street from Pitt street, on the north side of Rivington street, she crossed to the south side of Rivington street, looking out for vehicles, and there were none in sight. She was stooping over, her back to the north and within three feet of the curb on the south side of Rivington street, picking out her rolls, when, with no warning given by the driver of the wagon or any one else, she was struck down by the horses and run over. It is perfectly clear that the wagon was being driven very close to the curb at the time. It was light, and there was no reason why the defendant's driver could not have seen the plaintiff's wife. Her statement was corroborated entirely by disinterested witnesses. The witness Krassner, who was selling rolls, also, from a basket next to the one from which the plaintiff's wife was buying her supply, said:

"I was standing on the other side of the street, and a policeman came along and told us to go over on the other side with our baskets. We went over there, and I put my basket down on the street, and I stood alongside of it."

This makes it clear that, not only the plaintiff's wife, but other vendors and purchasers, were on the street near the curb at this place. Can it be said as matter of law that in such circumstances, and in the daytime, when it was light, and as far as the record shows there was nothing to obstruct the driver's view, he was entirely free from negligence in driving into and running over a woman who was stooping over to pick out from a basket supplies for her family? The case was undoubtedly sufficient to put defendant to its proof; and, that being so, it was properly sent to the jury on both the question of defendant's negligence and freedom from contributory negligence of plaintiff's wife. I think, on those heads, as the record stands, there was so much evidence to sustain the jury's verdict that the learned trial justice was not warranted in setting it aside. I entirely agree with the learned trial justice that the doctrine of "res ipsa loquitur" is not here applicable, and that the mere fact that the accident occurred is not proof of the driver's negligence. But it is equally true that the fact that it does not appear that he was proceeding at a reckless rate of speed is not sufficient to prove as a matter of law that he was driving with such a high degree of care as to have rendered it impossible for him to have avoided the accident, considering the circumstances and surroundings and his unobstructed vision.

As to the matter of damages, the plaintiff testified that after various inquiries he had hired a woman to take care of himself and his seven children at the price of $10 per week; that the woman was secured the day after the accident (November 12, 1908) and was then, at the date of the trial, February 4, 1909, still so employed; that his wife was still confined to her bed, and had to be carried downstairs and conveyed to the courthouse in a carriage. He testified:

"I made the price with her. I said: 'You want to take care of my children?' She said: 'I will take care of your children when you pay me $10 a week.'"

The plaintiff's wife testified that before she was sick she took care of her children. She was then asked:

"Q. From the time you were injured, up to now, who has taken care of them? A. A woman. Q. A woman that your husband hired? A. Yes; she is there until this very day."

The learned trial justice charged the jury that they were not to award any damages for the wife's pain and suffering, and then he said:

"In law, however, the husband has the right to the services and to enjoy the society and companionship of his wife. It is for that loss, and for the damages which the husband claims to have been put to by reason of the employment of a woman to take the place and perform part of the functions which his wife should perform, that this action is brought; * * * and in that connection you may bear in mind the testimony of the husband to the effect that from the 12th day of November. the day following the accident, he had employed a woman at the rate of $10 a week to perform some of the duties which his wife had theretofore performed."

To this charge no exception was taken. The jury, then, were warranted in believing that the husband had up to that time incurred an expense of $120 for the services of this woman, and that such expense might continue. As to the balance of the verdict, I cannot say that the award of $380 for loss of society and consortium over a period of three months, at least, during six weeks of which time the wife was in a hospital, and during all of which time she was confined to her bed, is so excessive as to warrant setting aside the verdict and ordering a new trial.

The order appealed from should be reversed, and the verdict and judgment reinstated, with costs to the appellant in this court and in the court below.