### ALAIMO v. E. & J. MARRIN CO.

(City Court of New York, Trial Term. February, 1910.)

1. MASTER AND SERVANT (§ 301*)—LIABILITIES TO THIRD PERSONS—ACTS OR OMISSIONS OF SERVANT.

  As between a general master and a temporary employer, the party liable for injuries inflicted by a servant is the one who at the time had the right to control the servant's conduct.

  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

2. MASTER AND SERVANT (§ 301*)—THE RELATION—EVIDENCE.

  In determining, as between a general master and a temporary employer, which had the right to control a servant at a certain time, the contract between them must be viewed in the light of the intention of the parties and the mode usually adopted to carry out the objects of such contract.

  [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 301.*]

3. MASTER AND SERVANT (§ 330*)—ACTION FOR INJURY TO THIRD PERSONS—EVIDENCE—SUFFICIENCY.

  In an action for injuries due to the negligence of a servant, evidence *held* to warrant a finding that at the time of the injury defendant had the right to control the servant's conduct.

  [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 330.*]

Action by Carlo Alaimo against the E. & J. Marrin Company. Motion to set aside a verdict for plaintiff. Denied.

Lyman J. Warren, for plaintiff.
Frank V. Johnson, for defendant.

FINELITE, J. In this action the plaintiff seeks to recover damages for injuries sustained through the alleged negligence of a driver having in charge certain horses and a truck alleged to be the property of the defendant. The jury awarded to plaintiff a verdict for $450. On the coming in of the verdict the defendant moved to set the same aside upon the usual grounds. This motion is now before me. At the close of the plaintiff's case the defendant moved to dismiss the complaint on the ground that plaintiff had not shown that the driver was engaged in and about the business of the defendant. This motion was denied. The defendant then rested. The case was then submitted to the jury, and they found for the plaintiff in the sum mentioned.

The testimony showed that Rodgers & Haggerty had a contract with the city of New York for excavating and lowering the grades of Division, Eldridge, and Forsyth streets, in the borough of Manhattan, in connection with work on the new Manhattan Bridge. At the time of the accident to plaintiff they did not own a sufficient number of horses and trucks to cart away the excavated earth and débris, but had an ar-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rangement with the defendant to be supplied by it with drivers, horses, and trucks· to help them out. They would telephone the defendant the number· of drivers, horses, and trucks needed, and it would send the number requested to Rodgers & Haggerty, who 'would direct the drivers where to go to take on the loads of earth and débris and where to dump the same. The drivers would receive brass checks from Rodgers & Haggerty, which they would turn over to the defendant, and which it would use as the basis for its. charges to Rodgers & Haggerty for the use of said drivers, horses, and trucks. In the course of so supplying Rodgers & Haggerty the defendant sent them a team of horses and truck in charge of a driver named Cosgrove on the 9th day of April, 1909. Cosgrove left defendant's place and drove down Eldridge street to at or near Division street, where the plaintiff was working· for Rodgers & Haggerty, and when he was. at or near the walk near said intersection, without any notice or ·warning, the shaft pole attached to the truck struck the plaintiff on the leg. He caught hold of the chain attached to the horses and pole and sat upon the latter to save himself from injury. He was thrown to one side and sustained the injuries testified to by him. This happened on the day mentioned at a few minutes after 7 o'clock in the morning.

The vital question presents itself: Was Cosgrove, at the time of the occurrence in question, subject to the direction and control of the defendant or Rodgers & Haggerty? In applying the absolute test, which is not the exercise of the power of control, but the right to exercise the power to control, the goal of inquiry must be the exact time the. defendant lost its right to control the conduct of the driver, and when Rodgers & Haggerty assumed the right to exercise such control. In this connection the language in Murray v. Dwight, 161 N. Y. 301, 55 N. E. 901, 48 L. R. A., 673, is pertinent:

"The question under what circumstances the servant of the general master becomes the servant of another is often difficult of solution."

Much of the doubt caused by the apparent inconsistencies of the numerous decisions upon the question under discussion may be dispelled and the situation clarified by close inquiry into and analysis of the contract between the general master and the temporary employer. So the inquiry is encompassed within the confines of the· question: At the time that Cosgrove injured the plaintiff, who had the right to control his conduct? There is nothing in the testimony to show that he had come, at the time, under the control and direction of Rodgers & Haggerty. Had the defendant desired to recall him and substitute another driver in his place, or direct him to another job, it could have· done so., There is nothing in the evidence to show that the right to control him had become vested in Rodgers & Haggerty. In 'Cohen v. Western Electric Co., 50 Misc. Rep. 660, 99 N. Y. Supp. 525, the testimony did not show that the temporary employer exercised any control over the driver furnished them by the general masters, but that the general masters were employed to make delivery; a shipping clerk of the temporary employer merely informing the driver where the goods were to be delivered. The power to control and direct the driver remained with the general masters, and they were held liable.

I have read the testimony with care, but do not find any evidence to show that Cosgrove, on the day in question, had come under the control of Rodgers & Haggerty, but had continued till then the servant of the defendant.   I have examined again the many cases cited by counsel for both sides, and also the other cases which comprise the long line of authorities on the proposition under discussion, of which Howard v. Ludwig, 57 App. Div. 94, 67 N. Y. Supp. 1095, affirmed 171 N. Y. 507, 64 N. E. 172, Baldwin v. Abraham & Strauss, 57 App. Div. 67, 67 N. Y. Supp. 1079, affirmed 171 N. Y. 677, 64 N. E. 1118, Cohen v. Western Electric Co., supra, and Cunningham v. Syracuse Improvement Co., 20 App. Div. 171, 46 N. Y. Supp. 954, are representatives, but feel that an analysis and comparison of the facts of each would be fruitless, as they are all in accord with the often-repeated doctrine that the one liable for injuries inflicted by the servant is the one who at the time had the right to control his conduct, and the facts of influence in each case in the contract between the general master and the temporary employer must be viewed in the light of the intention of the parties and the mode usually adopted to carry out the objects of such contract.   A comparison of the pivotal facts in each cited authority leads to the view that in the case at bar the defendant had the power to control the conduct of the driver at the time of the accident, that he was then its servant and subject to its supervision and control.

Upon the question of the plaintiff being guilty of contributory negligence I have examined Lyons v. Avis, 5 App. Div. 193, 38 N. Y. Supp. 1104, Boker v. Koehler, 116 N. Y. Supp. 540, Seaman v. Mott, 127 App. Div. 18, 110 N. Y. Supp. 1040, and Volosko v. Interurban St. Ry., 190 N. Y. 206, 82 N. E. 1090, 15 L. R. A. (N. S.) 1117, and the submission of this question to the jury under the court's charge was justified.   The verdict of the jury awarding the plaintiff $450 as damages for his injuries may not be disturbed.

The motion to set aside the verdict and for a new trial is therefore denied, to which the defendant may have an exception, and 30 days' stay of execution, after service of notice of entry of judgment, with 30 days to make and serve a case.